GEORGE S. LUCE *vs.* ALBERT E. CLARKE.

Argued April 12, 1892.   Decided May 5, 1892.

**Limitation of Actions.**—Under 1878 G. S. ch. 66, § 16, relating to limi-
tations of actions, where a cause of action not arising in this state, nor
accruing to a citizen thereof, has come under the operation of the limi-
tation law of another state, and continued under its operation until it
became a bar, it is to be recognized as a bar here.

Appeal by plaintiff, George S. Luce, from an order of the District
Court of Hennepin County, *Lochren, J.,* made August 14, 1891, re-
fusing his application for a new trial.

On July 30, 1874, at Galesville, Wis., Albert E. Clarke, the de-
fendant, bought of plaintiff, for $2,400, the Galesville Journal and
subscription list, and the printing presses, type, furniture, and mate-
rial used in its publication.   He paid down $500, and gave four
notes for the residue,—one for $500, due December 1, 1874; a sec-
ond for $500, due May 1, 1875; the third for $500, due November
1, 1875; and the fourth for $400, due February 1, 1876; each bear-
ing interest at ten per cent. a year.   He secured their payment by a
mortgage on the property, and removed the printing office to White-
hall, Wis., and there published a newspaper with it.   Plaintiff and
defendant were both then residents and citizens of the State of Wis-
consin, and plaintiff has ever since continued to reside there.   In Jan-
uary, 1875, plaintiff took the property, and sold it under his chattel
mortgage, bid it in for $500, and, after deducting expenses, indorsed
the residue, $484.75, upon the note then past due.   On May 13,
1875, after the second note fell due, defendant removed with his fam-
ily to Humboldt, Iowa, and in less than two years thereafter removed
from that place to Fort Dodge, Iowa, where he resided until Novem-
ber 1, 1889, when he removed to Minneapolis, Minn., where he now
resides.

This action was commenced July 5, 1890, upon the notes.   The
defendant, among other defenses, pleaded the statute of limitation
of actions (1878 G. S. ch. 66, § 16) and the statutes of Iowa and of

Wisconsin, and at the trial proved his removals and places of resi-
dence as above stated. He also proved the provisions of the statute
of limitation of actions in Iowa and in Wisconsin. The Iowa statute
is as follows:

§ 2529. The following actions may be brought within the time
herein limited, respectively, after their causes accrue, and not after-
wards except when otherwise especially declared:

5. Those founded on written contracts and judgments of any
Courts, except those Courts provided for in the next section and
those brought for the recovery of real property, within ten years.

The action was tried at Minneapolis, January 15, 1891. A jury
was waived. The trial court found that the two notes which fell due
after defendant removed from Wisconsin and settled in Iowa were
barred by 1878 G. S. ch. 66, § 16, in connection with the Iowa stat-
ute quoted above; that the balance due on the other two notes was
not barred by the statute, but had been paid by an agreement be-
tween the parties made in 1875; that Clarke should surrender to
Luce the printing presses, types, and material in satisfaction of the
whole debt. As conclusion of law, the court found that defendant
was entitled to judgment that the plaintiff take nothing. The trial
court said:

The first two notes might have been sued in the Wisconsin
Courts while defendant still resided there. The causes of action on
those notes had therefore arisen and were complete before defend-
ant removed from Wisconsin. But, when the last two notes matured,
the defendant was a resident and citizen of Iowa, and continued to
reside there for more than twelve years after the last note became
due. The Iowa statute ran against them so far as the courts of that
state are concerned. A cause of action arises, not when the contract
is made, but when there is a breach of the contract. If the contract
be performed according to its terms, and never broken, no cause of
action ever arises upon it. As the statute deals only with lapse of
time after an action might be instituted, the origin of the cause of
action, and everything relating to it before the right to commence
an action accrues, is irrelevant and foreign to the subject.

The place where a cause of action arises is the place where an action can be commenced upon the cause of action, at the time when it arises. And this must be the place where the defendant then resides and can be found and subjected to the jurisdiction of a Court. I am aware that there are decisions contrary to this view as well as in support of it. But I can see no other way of locating the place where a cause of action arises with any certainty or appearance of satisfactory reasoning.

*William Gale,* for appellant.

Counsel contended that the finding that the notes had been paid by an agreement between the parties made in 1875 was unsupported by the evidence. On the bar of the statute he said:

The Court erred in its conclusion that the last two notes were barred by the statute of limitations. It is conceded that plaintiff is, and long has been, a citizen of Wisconsin, and that the indebtedness was created there. The notes were therefore payable in Wisconsin. Bish. Cont. § 1391. The cause of action therefore arose in Wisconsin. *Steele* v. *Commissioners,* 70 N. C. 137; *Chevrier* v. *Robert,* 6 Mont. 319; *Hoyt* v. *McNeil,* 13 Minn. 390, (Gil. 362.) To enable a defendant in this State to avail himself of the limitation statute of another State, the whole cause of action must have arisen in such other State. *Cooke* v. *Gill,* L. R. 8 C. P. 107; *Borthwick* v. *Walton,* 15 C. B. 501; *Chevrier* v. *Robert, supra.*

*A. H. Young, W. H. Yale,* and *Albert E. Clarke,* for respondent.

If the cause of action upon the notes arose in Iowa, it is barred in Iowa and it is barred here. If suit had been brought on the notes in the Iowa courts, defendant could not have defeated such suit by the plea that the notes were made in Wisconsin, and consequently no cause of action had arisen thereon in Iowa. Yet it must be conceded that no suit would lie in Iowa courts until a cause of action had arisen in that State. The causes of action on the first two notes arose in Iowa just as soon as defendant moved into that State, and on the other notes as soon as they became due. If these causes of action became barred in Iowa, they are within our statute, without

regard to whether or not causes of action upon the notes had also arisen in Wisconsin.

Six other States have statutes substantially identical with the Minnesota statute, viz. California, Montana, Illinois, Nevada, Oregon, and Kansas.    In two of these States only has this statute been construed.    The courts of Illinois and the Federal Court of the Northern District of Illinois have adopted the construction for which we contend, to its fullest extent.    The decision of the Federal Court, while made in the Illinois District, is not based upon the decision of the State Courts, but the question is considered and decided upon principle.    *Osgood* v. *Artt,* 10 Fed. Rep. 365; *Hyman* v. *McVeigh,* 10 Leg. News, 157; *Humphrey* v. *Cole,* 14 Ill. App. 56; *Hyman* v. *Bayne,* 83 Ill. 256.

A fair construction of the Minnesota statute leads to the conclusion that it was intended to establish the rule that a cause of action fully barred by the statutes of any State of which defendant had previously been a resident is barred here, except in cases where the plaintiff is a resident of this State and has had the cause of action from the time it accrued.    *Fletcher* v. *Spaulding,* 9 Minn. 64, (Gil. 54.)

GILFILLAN, C. J.    1878 G. S. ch. 66, §§ 15, 16, read:

"Sec. 15. If, when the cause of action accrues against a person, he is out of the state, the action may be commenced, within the times herein limited, after his return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is not part of the time limited for the commencement of the action.

"Sec. 16. When a cause of action *has arisen* in a state or territory out of this state, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained by reason of the lapse of time, an action thereon cannot be maintained in this state, except in favor of a citizen thereof who has had the cause of action from the time it accrued."

The construction of Sec. 16 only is directly involved in this case, but, as the two sections have a bearing on each other, and as Sec.

16, as we construe it, limits in one respect Sec. 15, we have quoted both at length.

The clause to be construed in Sec. 16 is: "When a cause of action has arisen *in a state or territory*." When is a cause of action deemed to have arisen in a particular state, territory, or country, within the meaning of this statute?

Suppose the cause of action is, say, for a debt, payable, according to the terms of the contract, in one state, and when it becomes due the creditor resides in another, and the debtor in a third, does the cause of action arise, within the meaning of statutes of limitation, as soon as the debt falls due, and, if so, in which state? All statutes of limitation, in prescribing the periods, have reference for the beginning of such periods to the time when the opportunity to commence the action arises. And so there never was a statute of limitations for the purpose of which, in the case we have supposed, the cause of action would be deemed to have arisen as the debt fell due in the state where the debt was made payable, there being then in that state neither creditor to sue nor debtor to be sued; nor for the purpose of which it would be deemed then to have arisen in the state of the creditor's residence, there being no debtor there to be sued. We know of no such statute anywhere under which it would not be held that the cause of action had arisen in the state where the debtor resides, and had arisen in no other, and that it arose when the debt became due, for then and there concurred the two things necessary to make the opportunity to commence an action, to wit, the existence of facts constituting a cause of action suable in the courts of that state, and the presence in it of the defendant in such cause of action. Whenever the question arises as to the operation of the statute of any state, and as to the time when it began to operate, it is to be determined by the existence of those facts,—of the opportunity to commence an action in that state. The legislature, of course, is presumed to have known that when it passed the statute; and in the clause, "when a cause of action has arisen," etc., it must have had reference not merely to the facts constituting the cause of action, but also to the existence of the fact that brings the cause of action within the operation of the statute of limitation.

The intention may be inferred (it is not very well expressed) to recognize the effect of the limitation laws of any other state whenever a cause of action has come under the operation of such laws, and been barred by them. Very little doubt could be made, in respect to the notes involved which came due when both parties resided in Wisconsin, that, had the defendant continued to reside there the period of limitation by the law of that state, we would have been required by Sec. 16 to recognize the effect of that law as a bar, and as little that, had defendant removed to Iowa a day or two before the notes fell due, and resided there the period of limitation by the law of that state, we would have been required to recognize the effect of the law of Iowa as a bar. Can it be that, notwithstanding the cause of action came within the operation of the law of Iowa, and continued within its operation till it was a bar there, we are not to recognize the effect of that law because the defendant resided in Wisconsin at the time of and for a year or two (a day or two would have been the same) after the notes came due, so that the law of that state began to operate on the cause of action? If so, a case might be supposed (and doubtless many like it have actually occurred) in which a cause of action arose fifty years ago, say in the state of New York, where the parties continued to reside for a year or so, then removed to, say, Illinois, resided there forty-nine years, and removed to Minnesota, would we have to ignore the forty-nine years in Illinois, because of the one year in New York? Sec. 16, construing it literally, can be made to say so; but the result would be so absurd, so utterly without suggestion of reason, that we cannot, unless driven to it by clear, unambiguous terms, conclude the legislature intended such result.

The construction of the section that we arrive at as the most reasonable is that, where the cause of action did not arise in this state, nor accrue to a citizen of this state, and it has come under the operation of the limitation law of another state, territory, or county, and continued under its operation till it became a bar, it is to be recognized as a bar here. Though several states have provisions in their limitation laws similar to those in Sec. 16, we have not been referred to nor been able to find any but one case construing such a provision. See *Osgood* v. *Artt,* 10 Fed. Rep. 365.

The statute of limitation bars the action as to all the notes, and it is therefore unnecessary to consider any other question.

Order affirmed.

Application for reargument refused on May 11, 1892.
(Opinion published 51 N. W. Rep. 1162.)