### DRAKE v. FOUND TREASURE MIN. CO.

#### (Circuit Court, D. Nevada. November 7, 1892.)

1. ACTION ON PROMISSORY NOTE—COMPLAINT—AMENDMENT.

    Amendments which change the date, or amount, or time of payment of a note, or add or strike out names of parties, are admissible for the purpose of correcting an erroneous statement or imperfect description of the note described in the original complaint, if the identity of the note is preserved, so as to show that the amended complaint is for the same cause of action.

2. SAME—STATUTE OF LIMITATION—PLACE OF PAYMENT.

    A note executed in one state, but made payable in another, is, in so far as the remedy of collection is concerned, to be controlled and governed by the laws of the state where the note is made payable.

At Law. Motion to strike out amended complaint. Denied. Demurrer to amended complaint. Overruled.

E. S. Farrington, for plaintiff.
Baker, Wines & Dorsey, for defendant.

HAWLEY, District Judge. The plaintiff commenced this action in the state district court against the Found Treasure Mining Company on the 22d day of July, 1891, to recover the sum of $2,500, alleged to be due and owing from said defendant to plaintiff upon a promissory note for that amount, executed by defendant on or about July 22, 1887, payable on demand. The suit was subsequently removed to this court, upon the ground of the diverse citizenship of the parties, the defendant being a foreign corporation. By stipulation of counsel, an amended complaint was filed, adding the names of John Doe and Richard Roe as parties defendant, and alleging, in substance, that on or about the 28th day of July, 1887, at San Francisco, Cal., the Found Treasure Mining Company made and delivered to Frank N. Drake, plaintiff, R. M. Clarke, W. H. Ennor, H. M. Yerington, and D. L. Bliss, its promissory note, whereby it promised to pay said parties, in 90 days from July 20, 1887, at Carson City, Nev., the sum of $10,000, with 6 per cent. interest; that $2,500 of this amount was loaned to the corporation by plaintiff, and the balance of the amount was loaned by the other named persons; that on January 2, 1888, Clarke, Ennor, Yerington, and Bliss indorsed said note, and delivered their respective interests therein to the defendants Doe and Roe; that no part of the note has been paid; that the identity of defendants Doe and Roe has not been discovered, nor their consent obtained to join them as plaintiffs, and they are therefore made parties defend-

ant, but no personal claim is made against them. Plaintiff prays judgment for the sum of $10,000, with interest and costs. The defendant the Found Treasure Mining Company moves this court to strike out the amended complaint upon the ground that "it sets out another and different cause of action from that made by said original complaint," and also interposes a demurrer on the ground that "all recovery thereon is barred by the statute of limitations." If the case rested upon the pleadings alone, the motion to strike out the amended complaint should be granted. No amendment should be allowed which, in effect, amounts to the institution of a new suit upon an entirely different contract, either as to parties or to the subject-matter of the action. The general rule is well settled that a plaintiff is not at liberty to abandon the cause of action as made in his original complaint by inserting a new and different case by way of amendment, and it does not affirmatively appear from the allegations of the amended complaint in this case that plaintiff seeks a recovery upon the promissory note declared upon in the original complaint. But the plaintiff was, by leave of the court, permitted to file an affidavit showing the true state of the facts. By this affidavit it does affirmatively appear that the cause of action set forth in the amended complaint is intended to be, and is, identical with the cause of action set out, or attempted to be set out, in the original complaint. The affidavit shows that the plaintiff, at the time of the commencement of this action, not having the note in his possession, believed that the rights of the payees of the note were several; that the promise of defendant was to pay plaintiff $2,500, Clarke $2,500, etc.; that, so believing, he commenced the action to recover the amount due to himself; that, after the case was at issue, and the deposition of certain witnesses taken, he discovered that the facts concerning the cause of action had not been correctly stated, and that the note had not been correctly described in his complaint; that the amended complaint was filed so as to conform to the facts; that plaintiff has but one cause of action against the defendant the Found Treasure Mining Company, and that is for the recovery of $2,500, loaned to it as stated in the amended complaint. From this statement it clearly and satisfactorily appears that there was no intention on the part of plaintiff to change the cause of action set out in the original complaint. Amendments which change the date of a note or contract for the payment of money, or the sum or amount to be paid, or the time of payment, or by adding or striking out the name of any party, are admissible whenever the identity of the note or contract upon which the action was founded is preserved. In such cases the alteration is made not to enable the plaintiff to recover upon another or different note or contract than the one set forth in his original complaint, but for the purpose of correcting an erroneous or imperfect statement of the note or contract upon which the action was based. Under the amended complaint as explained by the affidavit it would require the same evidence to maintain the suit. The amendment does not make any new issue of fact. The real cause of action is identical and the same. It thus appears that the ends of justice will be subserved, and that no hardship or injustice will result to defendant. Upon prin-

ciple as well as authority the amended complaint should be allowed to stand. Hill v. Smith, 34 Vt. 541; Stevenson v. Mudgett, 10 N. H. 338, 34 Amer. Dec. 156, 159; Insurance Co. v. Billings, (Vt.) 17 Atl. Rep. 715; Hardin v. Boyd, 113 U. S. 764, 5 Sup. Ct. Rep. 771; Gen. St. Nev. § 3090; Quillen v. Arnold, 12 Nev. 250; McCausland v. Ralston, Id. 195.

Defendant's contention that the cause of action set forth in the amended complaint is barred by the statute of limitations of the state of California, where the note was executed, being based upon the theory that the amendment introduced a new cause of action, cannot be sustained. Moreover, section 3662 of the General Statutes of Nevada, cited by defendant, which provides that "when the cause of action has arisen in any other state or territory of the United States, * * * and by the laws thereof an action there cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state," has no application to this case. The note, although executed in California, was made payable in the state of Nevada. The cause of action arose in this state upon the default of defendant to pay the note, and the remedy for the collection of the amount due thereon is to be controlled by the laws of this state, where the contract was to be performed. Wilcox v. Williams, 5 Nev. 163; Sutro Tunnel Co. v. Segregated Belcher Min. Co., 19 Nev. 121, 7 Pac. Rep. 271. This principle is so well established that further comment is unnecessary. The motion to strike out the amended complaint is denied, and the demurrer is overruled.