## ALEXANDER M. DRAKE v. GEORGE L. BIGELOW.[1]

### July 22, 1904.

### Nos. 13,977—(189).

**Promissory Note.**

A note made payable in Minnesota was executed in New York by a resident of that state, who, before it became due, moved to New South Wales, where he resided until the note was outlawed by the laws of that country.

*Held:* Not being a resident at any time of Minnesota, section 5145, G. S. 1894, has no application, and under section 5146 the note is not enforceable against him while temporarily in this state.

Action in the district court for Ramsey county to recover $250 and interest upon a promissory note. The case was tried before Kelly, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Franklin H. Griggs,* for appellant.

It is the English rule that the cause of action generally originates in the contract itself, but it is the American rule that "whatever be the form of action, the breach of duty is substantially the 'cause of action.'" Patterson v. Patterson, 59 N. Y. 574; Taylor v. Mayor, 82 N. Y. 10; Howell v. Young, 5 Barn. & C. 259, 266. A cause of action accruing here in Minnesota, to one then a citizen of this state, is not within section 5146, G. S. 1894. Story v. Thompson, 36 Ill. App. 370;

1 Reported in 100 N. W. 664.

Berry v. Krone, 46 Ill. App. 82; Chevrier v. Robert, 6 Mont. 319; Labatt v. Smith, 83 Ky. 599; Templeton v. Sharp (Ky.) 9 S. W. 507; Powers Mercantile Co. v. Blethen, 91 Minn. 339.

*How, Taylor & Mitchell,* for respondent.

LEWIS, J.

Action upon the following promissory note:

$250.00. New York, Aug. 10th, 1891.
Five months after date, I promise to pay to the order of A. M. Drake, two hundred fifty dollars at his office in Drake Block, St. Paul, Minn. Value received, with interest at 8 per cent.
George L. Bigelow.

At the time of the execution and delivery of the note, defendant was a resident of New York, where he remained until November, 1891, when he moved to New South Wales, arriving in February, 1892, and continuously residing there until April, 1899, when he went to Honolulu, where he has since resided. Plaintiff was a resident of St. Paul, Minnesota, at the time of the execution and delivery of the note and until 1900, since which time he has been a resident of the state of Oregon. The summons in this action was served on defendant September 24, 1902, while temporarily in Minnesota, and he defends upon the ground that the note was barred by the statute of limitations.

Plaintiff proceeds upon the theory that the cause of action accrued within the state of Minnesota, and that within section 5145, G. S. 1894, the statute did not run during the time defendant was without the state. Section 5145 provides two certain exceptions when the statute shall not run: First. When a resident of this state is temporarily out of the state at the time the cause of action accrues against him, the time of his absence is not taken into consideration, and the statute commences to run from the time of his return. Second. If, when a cause of action has accrued against a resident of this state, he then departs therefrom, and resides out of the state, the statute does not commence to run until after his return. The first case applies to a resident only temporarily absent, and the second to a resident who goes away with no intention of returning. Defendant does not come within either of these exceptions. He was not a resident of Minnesota at any time,

93 M.—8

and the cause of action did not accrue within this state simply because it was made payable here. The note had its origin in the state of New York, and the cause of action did not accrue until the culmination of those circumstances which resulted in a right of action, coupled with an opportunity to maintain it. The cause of action did not accrue in the state of Minnesota at the time the note was matured, unless at that time defendant was within the state, so as to furnish the opportunity of enforcing the right.

In Luce v. Clarke, 49 Minn. 356, 51 N. W. 1162, in discussing the provision of section 5146, the court called attention to the fact that all statutes of limitation, in prescribing the periods, have reference for the beginning of such period to the time when the opportunity to commence such action arises, and that the concurrence of two things is necessary to make the opportunity to commence an action, to wit, the existence of the facts constituting a cause of action suable in the courts of that state, and the presence in it of the defendant in such cause of action. See Osgood v. Artt (D. C.) 10 Fed. 365.

It follows that, the cause of action having arisen and accrued while defendant was a foreign citizen, and the note having become outlawed under the laws of New South Wales while he was a resident of that country, an action cannot, under section 5146, be prosecuted against him while temporarily in Minnesota. Luce v. Clarke, supra.

Judgment affirmed.

START, C. J. (concurring).

I concur in the result, but adhere to the views of the court as expressed in Powers Mercantile Co. v. Blethen, 91 Minn. 339, 97 N. W. 1056.