No. 28,337.

J. C. Swift, *Appellant,* v. H. R. Clay and J. M. Easley, a Copartnership as Clay & Easley, *Appellees.*

(272 Pac. 170.)

Opinion filed December 8, 1928.

*James E. Larimer* and *Eugene S. Quinton,* both of Topeka, for the appellant.
*Dennis Madden* and *C. B. Randall,* both of Topeka, for the appellees.

The opinion of the court was delivered by

Dawson, J.: This was an action on a promissory note executed in Texas, payable in Missouri, and sued on in Kansas upon attachment and publication service. The trial court held that a defense based on the Texas statute of limitations was good, and the plaintiff appeals.

The petition contained the usual recitals of a cause of action on a promissory note, including allegations concerning the residence of the plaintiff in Missouri, the residence of the defendant makers in Texas, and set up a copy of the note with its indorsements, viz.:

"Fort Worth, Texas, *November 7, 1919.*
No. 7596. $3,000.00.

"On May twelfth, 1920, after date, without grace, for value received, I, we, or either of us, promise to pay to the order of Guarantee Cattle Loan Company,

Three Thousand and 00/100 Dollars,

At the office of the Guarantee Cattle Loan Company, Kansas City Missouri, with interest at the rate of eight per cent per annum after maturity. The makers and endorsers of this note severally waive demand, notice and protest.

(Signed)      Clay & Easley.

"Address: Comanche, Texas.      By H. R. Clay

"Endorsements: Oct. 31, 1921, cr., $1,308.68. Demand, notice and protest waived. Payment guaranteed.—Guaranty Cattle Loan Company; J. C. Swift, *President."*

This action was begun April 21, 1926.

The principal defense was made by defendant J. M. Easley, who pleaded that "by the laws of the state of Texas, where the cause of action arose, this cause of action could not be maintained because of the lapse of time." The Texas statute of limitations provides that an action on a debt evidenced in writing shall not be commenced or prosecuted at any time more than four years after the cause of action thereon has accrued.

Plaintiff's reply alleged the default of defendants at the place of payment under the terms of the note, and pleaded the Missouri statute of limitations which allows ten years in which to bring an action upon a written promise for the payment of money.

The Kansas statute pertinent to a cause of action which has arisen between nonresidents of this state reads:

"Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state." (R. S. 60-310.)

In view of the foregoing, where did the cause of action arise between these litigants? "In Texas where the note was given," say defendants. But the giving of a note, which is the making of a contract, does not give rise to a cause of action. Surely every simple business transaction between men does not give provocation for a lawsuit. It was not the making, execution, and delivery of this note which gave rise to the cause of action; it was not the promise to pay, but the breaking of that promise—the default of the makers to pay the debt at the place and time they agreed to pay it—which gave rise to the cause of action. (*Bruner v. Martin,* 76 Kan. 862, 866, 93 Pac. 165; *Land Co. v. Bassett,* 85 Kan. 48, 51, 53, 116 Pac. 475.) That breach of contract, that default of payment, was in Kansas City, Mo., and therefore the statute of limitations which governed the cause of action arising therefrom was the Missouri statute, so long as it was not out of accord with the law or public policy of the forum where the action was begun. (8 C. J. 86, 92.)

In *Bruner v. Martin,* 76 Kan. 864, 93 Pac. 165, it was recognized that theretofore this question of law was an open one in this jurisdiction and that the authorities elsewhere were in conflict. But the

rule announced in *Bruner v. Martin* was reiterated in *Land Co. v. Bassett,* 85 Kan. 48, 51, 53, 116 Pac. 475; and in *Shearer v. Insurance Co.,* 106 Kan. 574, 577, 189 Pac. 648, it was said:

"A cause of action upon a contract does not arise until there has been a breach (1 Enc. L. & P., 1008), and it arises where the breach takes place. (40 Cyc. 83.) The only breach of the contract alleged in the petition was the refusal to pay the amount due under it, and this occurred, presumptively at least, at the residence of the plaintiff, and not in Wyandotte county. The words 'where the cause of action arose' do not refer to the place where the transactions took place out of which the cause of action grew. That was settled for this jurisdiction in *Bruner v. Martin,* 76 Kan. 862, 93 Pac. 165, where the reasons for the decision and the authorities bearing thereon are fully set forth."

Recent cases which accord with *Bruner v. Martin* in holding that a promissory note made in one state to be performed in another state is governed by the law of the place of performance, without regard to the place where it was written, dated, or signed, unless the note itself shows clearly that it should be governed by the law of the place where made, are: *Joffe v. Bonn,* 14 F. (2d) 50, 52; *United Bank & Trust Co. v. McCullough,* 115 Neb. 327; *Commercial Credit Corporation v. Boyko,* (N. J.) 137 Atl. 534; *Banca Ital. Di Sconto v. Columbia Counter Co.,* 252 Mass. 552, 560.

See, also, Goodrich on Conflict of Laws, 245-248; Conflict of Laws, Restatement No. 4, A. L. I. §§ 384, 385; and note to *Bruner v. Martin,* in 14 L. R. A., n. s., 776.

The case of *Timmonds v. Messner,* 109 Kan. 518, 200 Pac. 270, cited by defendant, refers to *Bruner v. Martin* and contains nothing at variance therewith.

The other matters urged in support of the judgment have all been noted, but cannot be sustained. Plaintiff cannot be denied the right of appeal because he did not introduce the Missouri statute of limitations. He pleaded it, and the record reads:

"The Court: Is there any dispute about the Missouri statute?"
[Counsel for Defendant]: "No. I don't think so. . . ."

It is also urged that because plaintiff filed no motion for a new trial he cannot be heard on appeal. Why not? There were no *trial* errors which it was his duty to give the trial court an opportunity to correct as a prerequisite to this appeal. The one material error assigned is on the trial court's ruling that plaintiff's cause of action was governed by the Texas statute of limitations and barred thereby.

Such a ruling opened the way for an immediate appellate review without a motion for a new trial. (*Perkins v. Accident Association,* 96 Kan. 553, 152 Pac. 786; *Tacha v. Railway Co.,* 97 Kan. 571, 155 Pac. 922; *Doty v. Shepard,* 98 Kan. 309, 158 Pac. 1; *Close v. Mining Co.,* 105 Kan. 257, 182 Pac. 392; *State, ex rel., v. Telephone Co.,* 115 Kan. 236, 268, 223 Pac. 771; *Seigle v. Soldiers' Compensation Board,* 119 Kan. 253, 254, 237 Pac. 657.)

The judgment of the district court is reversed.