## AUGLAIZE BOX BOARD CO. v. KANSAS CITY FIBRE BOX CO.

Circuit Court of Appeals, Sixth Circuit.
November 13, 1929.

No. 5222.

G. H. Wells, of Dayton, Ohio, and S. A. Headley, of Cincinnati, Ohio (E. H. & W. B. Turner and W. B. Turner, all of Dayton, Ohio, on the brief), for appellant.

Murray Seasongood, of Cincinnati, Ohio (Robert P. Goldman and Paxton & Seasongood, all of Cincinnati, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge. Under a contract made on January 2, 1920, the appellee agreed to buy from appellant 3,600 tons of jute during the year 1920. The contract provided for the shipment of 300 tons a month from January 1 to December 31. It also provided that each month's requirement should be considered as a separate contract. Appellant shipped and appellee accepted and paid for the stipulated quantities for the first ten months of the year. On October 15th, appellant quoted its prices to appellee for November deliveries. Appellee objected to these prices, and a controversy arose, which continued until December 11, when appellee wrote a letter to appellant and mailed it at Kansas City, Kan.; definitely repudiating the contract. Appellant treated this repudiation as a breach, and sued thereon for damages. The case was tried to a jury, and at the conclusion of the evidence the court directed a verdict for the defendant upon the ground that there was no valid and binding contract. The court was also of opinion that the action was barred by the applicable statutes of limitation.

We find it sufficient for the purposes of this appeal to consider only the question of limitation. Appellant was an Ohio corporation, with its principal place of business at Dayton, Ohio, and appellee was a Kansas corporation, with its principal place of business at Kansas City, Kan. The contract contemplated that the jute would be manufactured at St. Marys, Ohio, but it did not provide for a place of delivery to appellee. The practice of appellant, however, for the first ten months was to bill it f. o. b. cars at St. Marys.

The agreement is to be treated as twelve

separate contracts, one for each month. Hettrick Manufacturing Co. v. Waxahachie Cotton Mills, 1 F.(2d) 913 (6 C. C. A.). In its petition, the appellant treated the letter of December 11th as a breach of the November and December contracts, as it had the right to do. Gabriel v. Brick Co., 57 Mo. App. 520; Manzke v. Goldenberg, 149 Mo. App. 12, 129 S. W. 32; Roehm v. Horst, 178 U. S. 1, 20 S. Ct. 780, 44 L. Ed. 953; Central Trust Co. v. Chicago Auditorium, 240 U. S. 581, 36 S. Ct. 412, 60 L. Ed. 811, L. R. A. 1917B, 580. The question therefore is whether the breach occurred in Kansas, where the letter was mailed, or in Ohio, where the jute was to be loaded upon the cars and shipped. If in the former, the action is barred under the Kansas statute of limitation of five years (Revised Statutes of Kansas 1923, 60—306), which is made applicable by a statute of Ohio (Railroad Company v. Reed [C. C. A.] 223 F. 689); but, if in the latter, the limitation is fifteen years, and the action is not barred (Ohio Gen. Code, § 11221).

The contract was executed on behalf of the appellee by one of its officers in Chicago, and on behalf of appellant by its officers in Dayton. These circumstances, though, do not determine the time or place of the breach. Ordinarily the breach occurs at the place of performance, but not always. Wester v. Casein, 206 N. Y. 506, 100 N. E. 488, Ann. Cas. 1914B, 377. This contract contained no provision as to the place of performance, and appellant made no shipments for November and December deliveries. This latter circumstance was a sufficient acceptance of the breach of December 11, if one were necessary; besides appellant based its action in its petition on the letter of that date. It has been repeatedly held that, where such repudiation is relied upon as a breach, the cause of action arises where the repudiation occurred, and it is also the rule that, where the repudiation is by letter, the breach occurs at the time and place of the delivery of the letter for transmission. Wester v. Casein, supra; Cherry v. Thompson, L. R. 7, Q. B. 573; Mathews v. Alexander, 7 Irish Reports, C. L. (1873), p. 575; Hamilton v. Barr, 18 L. R. (Ireland) (1886), page 297; Anson on Contracts (Am. Ed.) p. 440; Page on Contracts, vol. 6, p. 6189. Clearly, therefore, the breach occurred at Kansas City when the letter of December 11th was mailed, and, as this action was not instituted until more than five years thereafter, it was barred under the Kansas statute, which is made applicable by section 11234 of the General Code of Ohio.

Judgment is affirmed.