## M. O. PATTRIDGE v. C. A. PALMER.[1]

December 17, 1937.

No. 31,153.

G. F. Mantz, for appellant.
Hansen & Engan, for respondent.

STONE, JUSTICE.

Plaintiff appeals from a judgment, adverse to him insofar as it denies him recovery for two-thirds of his claim.

Plaintiff sued on a $2,000 note dated December 1, 1924, executed in Los Angeles, California, and payable to the estate of Otis L. Pattridge, one year after date at Tracy, Minnesota.  When the note was given, the estate of Otis L. Pattridge was in the probate court of Lyon county, in which Tracy is located.  Plaintiff, the son, and his mother, the widow, were the heirs of Otis L. Pattridge, de-

[1]Reported in 277 N. W. 18.

ceased. They were citizens and residents of Minnesota at the date of the note. Plaintiff ever since has continued resident in this state. His mother so continued until her death. During the. same period defendant has been a resident of California. October 5, 1925, before the note matured, the probate court assigned a one-third interest in the note to plaintiff and two-thirds to his mother, who died December 24, 1929. Her estate was probated, and August 8, 1930, the probate court assigned her two-thirds interest in the note to plaintiff, who thereby became its sole owner.

Defendant claims that the cause of action on the note arose in California and that as to the two-thirds interest which plaintiff acquired from his mother his action is barred by the statute of limitations of California (California Code of Civil Procedure, § 337) and cannot be maintained because of 2 Mason Minn. St. 1927, § 9201, which provides:

"When a cause of action has arisen outside of this state, and, by the laws of the place where it arose, an action thereon is there barred by lapse of time, no such action shall be maintained in this state unless the plaintiff be a citizen of the state who has owned the cause of action ever since it accrued."

The cited California statute provides that an action upon an obligation in writing must be commenced within four years. In the stipulated facts it is agreed that if the cause of action here involved arose and accrued in California, the same arose and accrued on December 2, 1925, and by the law of California the statute of limitations of that state commenced to run on that date.

Plaintiff contends that the cause of action did not arise in California but in Minnesota, and therefore does not come within the provisions of 2 Mason Minn. St. 1927, § 9201. The court below gave judgment in favor of plaintiff for one-third of the face of the note, together with interest, costs, and disbursements, amounting in all to $868.10. Plaintiff appeals from the judgment.

The decision below is correct under the rule of Luce v. Clarke, 49 Minn. 356, 361, 51 N. W. 1162, 1163. (See also Powers Merc. Co. v. Blethen, 91 Minn. 339, 97 N. W. 1056: Drake v. Bigelow, 93 Minn.

112, 100 N. W. 664.) That rule resulted from a construction of our statute (§ 9201) as intending "to recognize the effect of the limitation laws of any other state whenever a cause of action has come under the operation of such laws, and been barred by them." The reasoning in support of that conclusion is this [49 Minn. 360]:

"All statutes of limitation, in prescribing the periods, have reference for the beginning of such periods to the time when the opportunity to commence the action arises. And so there never was a statute of limitations for the purpose of which, in the case we have supposed, the cause of action would be deemed to have arisen as the debt fell due in the state where the debt was made payable, there being then in that state neither creditor to sue nor debtor to be sued; nor for the purpose of which it would be deemed then to have arisen in the state of the creditor's residence, there being no debtor there to be sued."

If the question were now to be decided by logic alone and the inquiry confined to an abstract consideration of the nature and essentials of a cause of action, a contrary result might well be reached. But for now over 50 years the statute, § 9201, as construed in Luce v. Clarke has been our law, and we prefer not to change it.

Putting aside pure theory in the interest of realism, there is much to be said for the reasoning of Mr. Justice Gilfillan in Luce v. Clarke. While no cause of action arises until the necessary breach or default of the obligor, it is not true that when that default occurs the result in respect to remedy is confined in territorial operation to the jurisdiction where it occurs. The result there may remain in the realm of theory, for no opportunity may ever come for enforcement there of the cause of action by suit thereon.

In this case defendant's default occurred December 7, 1925, in Minnesota, and the cause of action accrued or originated here. But did it also not arise (even though it did not originate) simultaneously in California? Certainly so, for defendant could have been sued instantly and successfully in that state. So a cause of action against defendant had "arisen" in California for the purpose of

action and limitation of action. If, then, because of defendant's continuous residence there during the necessary period, that cause of action is barred in California, we are not prepared to say that the reasoning of our earlier decisions, that under § 9201 the action is also barred here, is so bad after all.

It is one of those numerous problems concerning which there is, and long has been, a division of judicial opinion. On which side the weight lies we do not determine. (See notes, 4 L.R.A.[N.S.] 1029; 14 *Id.*, 776; 17 R. C. L. 691.) But inasmuch as so long ago this court had to and did take a position on one side of the fence, we simply decline now to jump over to the other side.

Another thought which occurs to us is that the statute of limitations is a measure of repose. We lessen substantially its intended effect if, upon the ground indicated, we overrule our earlier decisions. That idea has special application to this case where defendant, maker of the note, was a resident of California at the time it was signed and has remained such ever since, at all times being within reach of the process of the courts of that state.

"A judicial construction of a statute becomes a part of it, and as to rights which accrue afterwards it should be adhered to for the protection of those rights. To divest them by a change of the construction is to legislate retroactively." 2 Lewis' Sutherland, Statutory Construction (2 ed.) § 485, following, *inter alia*, Fairfield v. County of Gallatin, 100 U. S. 47, 25 L. ed. 544.

That rule has its ordinary application where a change of the judicial construction of a statute would operate adversely on vested rights. There are none such here, but the fact remains that, were we to overrule Luce v. Clarke and adopt the rule which the court there refused to adopt, we would as a practical matter be amending a statute which has stood with its present effect for over 50 years, with no thought on the part of the legislature that it should be changed. We would be removing the bar and reinstating the remedy as to causes of action, the number and character of which nobody can now estimate. That observation shows that whatever the criticism of Luce v. Clarke, its error, if any, is on the side of enhancing

the repose intended by a statute of repose. It did not have the injurious import of Fitzgerald v. St. P. M. & M. Ry. Co. 29 Minn. 336, 13 N. W. 168, 43 Am. R. 212, overruled by Rosse v. St. P. & D. Ry. Co. 68 Minn. 216, 71 N. W. 20, 37 L. R. A. 591, 64 A. S. R. 472.

It follows that the judgment should be affirmed.

So ordered.

PETERSON, JUSTICE (dissenting).

The rule of Luce v. Clarke, 49 Minn. 356, 51 N. W. 1162, reiterated in cases which follow it, is predicated upon a fundamental error that a cause of action arises, under the statute (§ 9201), only at the place of a debtor's domicile. The overwhelming weight of authority is to the effect that a cause of action consists of a primary right in the plaintiff, a corresponding duty in the defendant, and a breach by the defendant. Of these essentials of a cause of action, Pomeroy says, at page 528, § 347, Code Remedies (5 ed.):

"Every action, however complicated or however simple, must contain these essential elements. Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term, and as it is used in the codes of the several States. They are the legal cause or foundation whence the right of action springs, this right of action being identical with the 'remedial right' as designated in my analysis."

The rule stated by the learned author was announced by this court in King v. C. M. & St. P. Ry. Co. 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 A. S. R. 238. It is the universally accepted rule. Lawson v. Tripp, 34 Utah, 28, 95 P. 520; Swift v. Clay, 127 Kan. 148, 272 P. 170; Hahl v. Sugo, 169 N. Y. 109, 61 L. R. A. 226, 88 A. S. R. 539; South Bend Chilled Plow Co. v. George C. Cribb Co. 105 Wis. 443, 81 N. W. 675. The cause of action is plainly different from the remedial right and from the remedy or relief itself. Pomeroy, Code Remedies (5 ed.) § 348, and cases cited in the notes.

The cause of action arises at the place where the breach occurs because that is the last essential element necessary to make a complete cause of action. A cause of action cannot be said to arise from the signing and delivery of the note alone. Then the matter is one

of right or duty. It does not arise until there is a breach of the duty. That is the final essential element of the cause of action. The breach of duty gives rise to the right to sue, to the cause of action. In Patterson v. Patterson, 59 N. Y. 574, 578, 17 Am. R. 384, the court said:

"Nor is there room for difference as to what is meant by the phrases 'cause of action has accrued,' or 'cause of action has arisen,' * * * They do not mean the contracting of the indebtedness, for a cause of action does not accrue or arise from the making of the contract of indebtedness alone, but out of the nonperformance of it as well."

The default or breach occurs at the place of performance. Hoyt v. McNeil, 13 Minn. 362 (390) ; McKee v. Dodd, 152 Cal. 637, 93 P. 854, 14 L.R.A. (N.S.) 780, 125 A. S. R. 82; West v. Theis, 15 Idaho, 167, 96 P. 932, 17 L.R.A. (N.S.) 472, 128 A. S. R. 58; Swift v. Clay, 127 Kan. 148, 272 P. 170; Klotz v. Angle, 220 N. Y. 347, 116 N. E. 24; Whiting v. Miller, 188 App. Div. 825, 176 N. Y. S. 639; Plummer v. Lowenthal, 165 N. Y. S. 220; Lawson v. Tripp, 34 Utah, 28, 95 P. 520; Drake v. Found Treasure Min. Co. (C. C.) 53 F. 474; Pond Creek Mill & Elevator Co. v. Clark (C. C. A.) 270 F. 482, 488; Auglaize Box Board Co. v. Kansas City Fibre Box Co. (C. C. A.) 35 F. (2d) 822. See Restatement, Conflict of Laws, § 370. There may be some exceptions to this, as, for example, anticipatory breaches of contract, but it is not necessary for us to decide that question now. The cases involving anticipatory breach of contract hold that the general rule is as stated. Wester v. Casein Co. 206 N. Y. 506, 100 N. E. 488, 490, Ann. Cas. 1914B, 377, a case involving an action for anticipatory breach of contract, in which it is stated, at p. 514:

"The place where a cause of action for a breach of contract arises is generally—almost universally—the place where the contract is to be performed. The reason why the place of the breach of contract is generally the place of its performance is that unless the place of performance is waived or performance is anticipated it is only

at such place that there is a breach or that it can be determined whether there is a breach."

See Restatement, Conflict of Laws, § 370:

"The law of the place of performance determines whether a breach has occurred."

These authorities all hold that a breach is the final essential element necessary to give rise to a cause of action and that the cause of action arises at the place of performance because the breach is at that place. The statute of California has been construed in harmony with this view. If plaintiff had been a resident of California and defendant a resident of Minnesota and the suit were brought in the courts of California upon a note payable there, the courts of that state would hold that the cause of action arose where the breach occurred, namely, in California, and hence would not be subject to the operation of the Minnesota statute of limitations. McKee v. Dodd, *supra*.

■ A cause of action cannot be said to arise, under the statute (§ 9201), at more than one place. The distinction between the place where a cause of action arises and the debtor's domicile is erased, as it must be, to reach the decision in this case. Both statute and decision law recognize the distinction. Thus, in the Restatement, Conflict of Laws, § 604, comment b, it is said:

"Statutes frequently provide that an action may not be maintained if it has been barred by the statute of limitations at the place where the action accrued or, in some cases, at the domicil of the defendant."

Riser v. Snoddy, 7 Ind. 442, 65 Am. D. 740, considers a statute which provided that the bar should be that of the state of the debtor's domicile. Under our statute, the bar is that of the place where the cause of action arises. By holding that the cause of action arises at the debtor's domicile, instead of at the place where it arises as a matter of law, the statute has been amended by judicially legislating to substitute the court's notion of what the law is or should be for the legislature's express provision. We should not forget

that we are construing a statute which by its implications restrains the process of construction. It is plain that the statute contemplates that the cause of action arises in one place. Therefore it is useless to talk about the possibility of a cause of action arising in more than one place because the statute allows to be asserted here the bar "of *the place* where it [the cause of action] arose." It does not provide for admitting the bar of the places where the debtor might have been or resided. See 3 Beale, Conflict of Laws, § 604.2, p. 1622.

■ The doctrine of *stare decisis* does not compel adherence to Luce v. Clarke and other cases which have followed it. The rule of that case is not only erroneous as a legal proposition, as the court admits, but it is unjust to our citizens in that they are deprived, by our decision law, of the right to assert their claims as against citizens of California under § 9201, while citizens of California are accorded the privilege by the decision law of that state of asserting their claims against the citizens of our and other states. See McKee v. Dodd, 152 Cal. 637, 93 P. 854, 14 L.R.A.(N.S.) 780, 125 A. S. R. 82. Of course no one will deny that the rule of *stare decisis* is a wholesome one and should not be minimized. In State v. G. N. Ry. Co. 106 Minn. 303, 335, 119 N. W. 202, 210, we held that hasty and crude decisions "ought to be examined without fear, and revised without reluctance" and that even a series of decisions is not always conclusive of what is the law. In 7 R. C. L. p. 1008, § 35, the rule is thus stated:

"But the strong respect for precedent which is ingrained in our legal system is a reasonable respect which balks at the perpetuation of error, and it is the manifest policy of our courts to hold the doctrine of stare decisis subordinate to legal reason and justice, and to depart therefrom when such departure is necessary to avoid the perpetuation of pernicious error."

Nor do I think we should be frightened by our apprehensions. Mr. Justice Cardozo minimizes them. He says that the "picture of the bewildered litigant lured into a course of action by the false light of a decision, only to meet ruin when the light is extinguished and

the decision overruled, is for the most part a figment of excited brains," and that "the only rules there is ever any thought of changing are those that are invoked by injustice after the event to shelter and intrench itself." He observes that only "in the rarest instances, if ever, would conduct have been different if the rule had been known and the change foreseen." Cardozo, The Growth of the Law, p. 122.

That we have not been deterred by the doctrine from overruling decisions which we believed to have been erroneously decided is evidenced by many decisions of this court, a reference to a few of which will be illustrative. State v. Lopes, 201 Minn. 20, 275 N. W. 374, overruling State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178, 61 A. S. R. 403; Midland Loan Finance Co. v. Osterberg, 201 Minn. 210, 275 N. W. 681, overruling Holmes v. Schnedler, 176 Minn. 483, 223 N. W. 908. Numerous other instances could be enumerated.

With this record it is hard to understand why we should adhere to rulings which are not only erroneous but which we admit to be wrong. It seems to me that this is a case in which we ought not to feel in the least restrained from overruling our prior decisions. The courts of other states which adopted the same rule as we did in Luce v. Clarke have not hesitated to overrule such decisions when they perceived their error and to adopt the correct rule. See Swift v. Clay, 127 Kan. 148, 272 P. 170, overruling Bruner v. Martin, 76 Kan. 862, 93 P. 165, 14 L.R.A.(N.S.) 775, 123 A. S. R. 172, 14 Ann. Cas. 39; West v. Theis, 15 Idaho, 167, 96 P. 932, 17 L.R.A.(N.S.) 472, 128 A. S. R. 58. See 22 Harvard L. Rev. 62, criticizing Luce v. Clarke.

The decision below should be reversed.

GALLAGHER, CHIEF JUSTICE (dissenting).

I agree with the views expressed by Mr. Justice Peterson.