# DONALD L. POMEROY v. NATIONAL CITY COMPANY (ALSO KNOWN AS CITY COMPANY OF NEW YORK, INC.).[1]

January 10, 1941.

No. 32,669.

[1]Reported in 296 N. W. 513.

*Doherty, Rumble, Butler, Sullivan & Mitchell,* for appellant.

*James D. Bain* and *Norman D. Arvesen,* for respondent.

*O'Brien, Horn & Stringer* and *Leonard, Strect & Deinard, amici curiae,* filed separate briefs in support of the contention of respondent.

STONE, JUSTICE.

Defendant appeals from an order sustaining a demurrer to its plea of the statute of limitations.

From April, 1917, to August, 1934, defendant was in this state as a foreign corporation, qualified under applicable statutes. In August, 1934, defendant ceased to transact business in Minnesota and formally withdrew therefrom, except that, in compliance with the statutes (Mason Minn. St. 1927, §§ 3996-11 and 7494) it had irrevocably appointed both commissioner of securities and secretary of state its agents for service of process in actions arising from its Minnesota business.

It is enough of the facts that plaintiff must be considered to have sued "upon a liability created by statute" arising from defendant's business in Minnesota. Under 2 Mason Minn. St. 1927, § 9191, the action is barred, not having been commenced within six years from the time the cause of action accrued, in April, 1929 (when defendant was doing business here), unless saved by the tolling provisions of 2 Mason Minn. St. 1927, § 9200, which declare that:

"If, when a cause of action accrues against a person, he is out of the state, an action may be commenced within the times herein limited after his return to the state; and if, after a cause of action accrues, he departs from and resides out of the state, the time of his absence is not part of the time limited for the commencement of the action."

In respect to the appointment of the commissioner of securities, the statute declares that service upon him "shall be as valid and binding as if due and personal service had been made." Defendant's appointment of the secretary of state was made under 2 Mason

Minn. St. 1927, § 7494 (since superseded by 3 Mason Minn. St. 1940 Supp. §§ 7495-13, 7495-16). "Such appointment," it is declared, "shall continue in force as long as any cause of action, right, or claim against said corporation survives in this state; and service upon such agent shall be deemed personal service upon the foreign corporation so appointing him."

If, within the meaning of the tolling statute, defendant departed therefrom in 1934 and has since resided out of the state, the statute of limitations was tolled and the demurrer properly sustained. This presents the one question for decision.

■ Such limitation statutes, although making no mention of foreign corporations, apply thereto notwithstanding. City of St. Paul v. C. M. & St. P. Ry. Co. 45 Minn. 387, 48 N. W. 17; annotation, 59 A. L. R. 1336. Statutes abound with use of the word "person" to include corporations. See Index, 2 Mason Minn. St. 1927, "Person." The legislature has enjoined that "unless another intention clearly appears * * * the word 'person' [in statutes] may extend and be applied to bodies politic and corporate." 2 Mason Minn. St. 1927, § 10933.

■ It is idle to suggest that in the enactment long ago of our general statute of limitations the legislature anticipated actions against foreign corporations withdrawn from the state, leaving behind a continuing agency for service of process. So we have a problem thus dealt with in Gray, The Nature and Sources of the Law (2 ed.) p. 173:

"The fact is that the difficulties of so-called interpretation arise when the Legislature has had no meaning at all; when the question which is raised on the statute never occurred to it; when what the judges have to do is, not to determine what the Legislature did mean on a point which was present to its mind, but to guess what it would have intended on a point not present to its mind, if the point had been present."

We cannot agree that, in the process of decision, judges "guess" concerning such a problem or any other. Nothing is more essen-

158

tial in that process than for the judge to watch constantly the line between reasonable inference or logical deduction on the one hand and guess or conjecture on the other. The former constitutes the only sound material for decision.

We would be guilty of judicial legislation if we did not apply § 9200 to all cases not excluded by its terms and fairly within both its reason and purpose.

Statutes normally have their policy, their purpose, their reason for being. Legislators, no more than judges, have the faculty of comprehensive and unerring prevision. But, unlike judges, their function is to make rules for future conduct. The application of such rules to all cases not excluded by their terms and within their purpose and reason for being is a primary duty of judges.

That duty is not to be shirked simply because it is clear that the legislators did not foresee all cases to which their rule might apply. If a case is fairly within the purpose of a statute, it must go to decision thereunder, unless excluded by necessary implication or explicit terms, as by stated exception.

■ As to § 9200, this is a case unforeseen by its framers. But its purpose is not thereby to be defeated as to any case fairly within it. The object is repose, to be achieved by arbitrary limitation of time barring resurrection of stale claims. To the extent that judicial construction sets up a category of cases against which that bar cannot run, notwithstanding the complete amenability of the debtor to personal service, there is created an exception from the rule of the statute which by so much annuls its policy and defeats its purpose.

Such capricious distinctions are not to be imputed to the legislature. Unjust and indefensible results of a statute are to be avoided by construction, if possible. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8943.

■ Generally, a corporation is present wherever it is doing business. While its domicile (particularly in respect to federal jurisdiction) is and always remains in its "home state," it may also be continuously present in others because of the presence and

activities of its agents therein. For all purposes except the exercise of local jurisdiction, a corporation may be absent from the state of its incorporation in the sense that it has no business there, no office and no agent except one for service of process.

Such presence or any presence of a corporation is not fictional. It is the result of law. It exists only in contemplation of law. It is nevertheless real and a fact to be so regarded for all purposes of law. In re Trust Under Will of Clarke, 204 Minn. 574, 284 N. W. 876.

The domestic corporation doing no business in Minnesota, having no office here save one for service of process, is continuously present for purpose of being served. That being so, and for no other reason, the statute of limitations continues to run in its favor. Why not also as to a foreign corporation which has ceased business here, closing all its offices, dismissing all its agents, and withdrawing except for a statutory agent required by law for personal service?

That status is real and adequate residual presence for purposes of suit. The utmost of disagreement must admit that it is at least a complete and satisfactory substitute for the presence required by the tolling statute.

A corporation is not absent from a jurisdiction where *personal* service upon it is continuously inescapable. Reason cannot conclude otherwise, unless it fails to distinguish between the qualities which make up the personality of a natural person and those which characterize that of a corporation. There is a quality of ubiquity inherent in corporate personality impossible to that of a natural person. It enables a corporation to be continuously present simultaneously in many jurisdictions.

A corporation is present anywhere only by agents. Such presence is a result attached by law to stated corporate action. It is nevertheless fact. Being the creature of law, the law may limit and qualify it. So it may be for the one purpose of serving process. For such purpose, the presence is real and sufficient. While

it continues and for accomplishment of the law's purpose, the corporation cannot be considered absent.

The declaration of § 7494 that the service "shall be deemed personal" is equivalent to saying that for service of process the corporation remains personally present. Meaning and effect would not be more plain had the statute declared that the departing corporation, leaving here its authorized agent, was to be considered present for actions arising from its Minnesota business. Being present for that purpose, it is presently irrelevant that it is absent for all others.

The requirement of § 7494 of the appointment of the agent for service of process reaches every cause of action which "survives in this state." What must the cause of action survive in order to be within the statute?

The idea so expressed or implied must be given effect if possible. The survival of causes of action is a subject long covered by another statute, 2 Mason Minn. St. 1927, § 9656. Without more, and even though § 7494 were silent on the question, a foreign corporation is liable in all actions against it which survive under § 9656. Hence, if the reference in § 7494 to claims which survive "in this state" has no other effect than that of § 9656, the clause is meaningless.

Inasmuch as the foreign corporation is liable in any event on a cause of action continuing under the survivorship statute (§ 9656) and not barred by limitation, the thought suggests itself that the reference in § 7494 to a cause of action which "survives" has another or additional meaning. That meaning seems to us simply that the corporation will be liable upon all causes of action arising out of its Minnesota business which, *at the time suit is commenced,* continue in spite of or survive *everything* which could deprive them of life or enforceability. A cause of action barred by the statute of limitations does not so survive. Only by holding that the clause "survives in this state" was intended to reach every claim upon which an action can be maintained, and so exclude those barred by limitation, can we give it any meaning. Even so,

it does not have much. At most, it appears to have been used in abundant caution, to make sure that the agency would continue as long as any claim arising from the principal's Minnesota business continued enforceable.

We have considered all authorities cited, with additions. At the outset, we have the long-settled policy of this court not to deny statutes of limitation their intended result of repose. Their purpose "in allowing specified times for commencing actions, and in making exceptions to the running of such times, is a practical one. It is to give to plaintiff what the legislature deemed a reasonable opportunity to seek a remedy. No mere theoretical absence from the state, not preventing in any way a full and complete remedy, for the times specified, can have been intended" by the tolling statute. City of St. Paul v. C. M. & St. P. Ry. Co. 45 Minn. 387, 399, 48 N. W. 17, 21.

That thought was repeated and made the basis of decision in Luce v. Clarke, 49 Minn. 356, 51 N. W. 1162 (followed in Pattridge v. Palmer, 201 Minn. 387, 389, 277 N. W. 18), where it was said, at page 360: "All statutes of limitation, in prescribing the periods, have reference for the beginning of such periods to the time when the opportunity to commence the action arises." That idea runs through much of the decision law (*e. g.,* Penley v. Waterhouse, 1 Iowa, 498) relating to the statute of limitations and the tolling thereof. It was applied to a foreign corporation in decisive fashion in Walker v. L. E. Meyers Const. Co. 175 Okl. 548, 549, 53 P. (2d) 547. The court said:

"For a foreign corporation, then, to be a nonresident of the state, or out of the state, in the sense of the statute, it must be out of the state in such sense as to render it impracticable at all times to obtain service of process upon it."

In accord is Title G. & S. Co. v. McAllister, 130 Ohio St. 537, 546, 200 N. E. 831, 835, where it was considered "a fair proposition" that "the test of the running of the statute should be the liability of the party invoking its bar to the service of process during the whole of the period prescribed." For this case, we

repeat, under our statute the presence of the corporation for service of process is a fact. The law makes it so by saying that service upon the local agent shall be personal service. If that be not so, then at least there is a complete and satisfactory statutory substitute for the presence which respondent insists is necessary in order that the statute be not tolled. That was precisely the unanimous thought of this court expressed by Mr. Chief Justice Brown, in American Loan & Inv. Co. v. Boraas, 156 Minn. 431, 434, 195 N. W. 271, 272. There, the plaintiff, a foreign corporation, had done all that it could to withdraw from Minnesota. However, under our statutes it was still amenable to suit here and was sued on a cause of action arising out of its Minnesota business. Consequently, and notwithstanding the otherwise efficacious steps taken to withdraw, "the corporation, as to all unadjusted transactions theretofore entered into with citizens of the state, remained in this state, in contemplation of law, subject to the jurisdiction of its courts by the service of process."

Our decision is opposed to that in City Co. of New York, Inc. v. Stern (8 Cir.) 110 F. (2d) 601. No one feels greater deference to, or has higher regard for, a decision of the Eighth Circuit Court of Appeals than the bench and bar of Minnesota. However, in a matter of state law, we would be shirking the responsibility which is ours if, where we differed with that eminent tribunal, we did not decide accordingly, with full statement of our reasons for doing so.

Aside from the decisions of this court soon to be considered, the decision in the Stern case was put upon the proposition, the gist of which is thus stated [110 F. (2d) 604]:

"Nor can the defendant be said to reside and be present in Minnesota merely by reason of the fact that it remains subject to the jurisdiction of her courts in certain classes of actions. In this instance the right of the state to acquire jurisdiction in personam over the departed corporation in a limited class of actions does not rest on the basis of a fiction of continued presence in Minnesota but upon the defendant's express consent to accept service through designated attorneys."

We cannot agree that, under our statutes concerning departed foreign corporations, the local acquisition of jurisdiction *in personam* over them rests upon a mere "fiction" of continued presence, or that it arises, without more, from the consent of the defendant "to accept service through designated attorneys." The consent is present but only as a process. The result is a distinct status of presence in Minnesota. That the agent for service has no authority otherwise to represent his principal is unimportant. He has all the authority needed for personal service. Hence his corporate principal is present with him for personal service.

The decision in the Stern case, 110 F. (2d) 601, was put in part upon Venable v. Paulding, 19 Minn. 422 (488). The thought was that by that decision this court had adopted a literal application of the tolling statute. The entire discussion in the Venable case related to a defendant who was a natural person. He had been long absent from the state. A verdict had been directed in his favor. There was reversal solely because it was considered that there was a jury question whether, during all his absence, his residence continued in Minnesota so that there could have been the substituted personal service authorized by our statute (2 Mason Minn. St. 1927, § 9228), of which more later.

In the Stern case [110 F. (2d) 606], Rogers v. Benton, 39 Minn. 39, 42, 38 N. W. 765, 767, 12 A. S. R. 613, was considered "squarely in point on the construction of the tolling statute." There the defendant's absence "was permanent in its nature," resulting from "a permanent change of residence." Concerning service upon him, the opinion states "the fact that Conant [assignee of the mortgage] might, notwithstanding the non-residence of the mortgagor [Benton], have resorted to substituted service of the summons, would not take the case out of the statutory exception [of departure from and residence out of the state]. The right to foreclose by action, therefore, still existed when the Conants entered into possession."

At this point we should bring in a long-existing fact of our procedure. If the defendant is a natural person "residing or being

within the state," service of summons may be made by delivering a copy "to the defendant personally." § 9228. But the service shall be deemed personal "if the copy * * * be left at the house of the usual abode of the person to be served, with some person of suitable age and discretion then residing therein."

Beginning possibly after 1888, when Rogers v. Benton, 39 Minn. 39, 38 N. W. 765, was decided, leaving a copy of the summons with a person of suitable age and discretion at a defendant's usual abode, has been considered, as matter of terminology, "substituted service." In Rogers v. Benton, the phrase could not have had that meaning because there what we now characterize as "substituted service" was impossible. He had no residence, that is, no place of usual abode, in this state, because, as the opinion stated, the defendant had "resided in Connecticut" during the whole of the determinative period. So, when the court, in Rogers v. Benton, 39 Minn. 42, 38 N. W. 767, mentioned "substituted service of the summons" upon Benton, the reference was exclusively to publication of the summons. We no longer call that substituted service. It is constructive, not personal, service, and irrelevant when considering acquisition of jurisdiction *in personam*. It seems to us that Rogers v. Benton was inadvertently misconstrued in the Stern case, 110 F. (2d) 601.

In that case, there was a dissent by Judge Woodrough [101 F. (2d) 606]. He considered that, because of continuing amenability of the defendant to personal service in this state, the statute had not been tolled. With that view we agree. Only by blinding ourselves to the stubborn and decisive fact that defendant has been present actually and continuously for purposes of personal service of process; only by saying that, notwithstanding, it has been wholly absent from the state, could we do otherwise than hold as we do.

The cases deciding the similar issue which has arisen under statutes for service of process upon nonresident owners of automobiles have not been ignored. Of these cases, Bode v. Flynn, 213 Wis. 509, 252 N. W. 284, 94 A. L. R. 480, and Maguire v.

Yellow Taxicab Corp. 253 App. Div. 249, 1 N. Y. S. (2d) 749, affirmed, 278 N. Y. 576, 16 N. E. (2d) 110, are in disagreement with the thesis of this decision. In accord with it are Coombs v. Darling, 116 Conn. 643, 166 A. 70; Nelson v. Richardson, 295 Ill. App. 504, 15 N. E. (2d) 17; Arrowood v. McMinn County, 173 Tenn. 562, 121 S. W. (2d) 566, 119 A. L. R. 855.

The order under review is reversed.

HOLT, JUSTICE (dissenting).

I dissent. In my judgment the majority opinion in City Co. of New York, Inc. v. Stern (8 Cir.) 110 F. (2d) 601, gives more satisfactory reasons for holding that the statute of limitation is tolled when a foreign corporation, pursuant to 2 Mason Minn. St. 1927, § 7494, withdraws from this state, than does the erudite opinion of Mr. Justice Stone that such removal does not toll the statute. There is no need to add to what is said by the prevailing opinion in the Stern case.

GALLAGHER, CHIEF JUSTICE (dissenting).
I agree with Mr. Justice Holt.

PETERSON, JUSTICE (dissenting).
I agree with Mr. Justice Holt.