AMERICAN LOAN & INVESTMENT COMPANY, a corporation, Respondent, v. B. P. BORASS, C. A. STEBERG, C. D. OLSON and THEODORE T. MOEN, Appellants. and A. G. BJERKEN. Garnishee.

(188 N. W. 302.)

**Vendor and purchaser — in vendor's action for installments due, held that purchaser in possession and in default were not entitled to rescind on payment of liquidated damages.**

1. The following language appeared in a written contract for deed: "Either party hereto shall fail or refuse (except for imperfect title) to comply with the provisions of this contract on his part to be performed, shall forfeit or pay to the other party the sum of $2,000, which sum is hereby fixed and agreed upon as liquidated damages to be sustained by either party from failure or default on the part of the other."

It is *held* defendants being in possession, exercising dominion over the land described in the contract, and also being in default are not in position to invoke this clause of the contract.

**Vendor and purchaser — vendor may recover against purchaser unpaid installments due and past-due interest.**

2. The vendor in a contract may maintain an action to recover against the vendee, the amount of an unpaid installment or installments, which are due, and for all past due interest.

Opinion filed May 15, 1922.

Appeal from the judgment of the District court of Barnes county. *Englert, J.*

Judgment affirmed.

*Combs* & *Ritchie,* for appellants.

"The actual damages arising from the breach of a contract for the purchase or sale of real estate have been frequently held to be of such an uncertain and unascertainable nature as to warrant the construction that a sum named to be paid on a breach is liquidated damages and not a penalty."   Davis v. Isenstei et al. (Ill.) 100 N. E. 940; 19 A. & E. Cyc. of Law 419.

"The contract may, however, if it clearly so provides, limit the right of the vendor in case of the purchaser's default, to a termination of the contract and a forfeiture of the purchaser's rights thereunder, which will be exclusive, and in a certain sense permit a defaulting purchaser to terminate the contract by his own default."   K. P. Min. Co. v. Jacobsen, 83 Pac. 728, 4 L. R. A. (N. S.) 755 and notes; L. R. A. 1916C, 893, 27 R. C. L. 645, § 406; Potter Realty Co. v. Derby, 147 Pac. 548; Potter Realty Co. v. Breitling, 155 Pac. 179.

"Under an agreement, in a contract for the sale of land for a price payable in installments, that on default of any payment or condition of the contract all payments should be forfeited to the vendor, the parties having agreed upon their own remedy for a breach, the remedy is exclusive, and the vendor cannot compel the purchaser to pay."   Mitchell v. Hughes, 157 Pac. 965; Davin v. Isenstein, (Supra.)

"The right of the vendor to recover the purchase price may be affected by specific covenants in the contract, thus the vendor may under the terms of the contract, be confined to declaring the sale of and retaining the money deposited as liquidated damages."   39 Cyc. 1902 ¶ 2.

*John O. Hanchett,* for respondent.

"The courts are not inclined to permit one to take advantage of his own default, and hence where the vendor has not terminated the contract. but seeks to enforce it, a vendee who has defaulted in paying the purchase price will not be held to be authorized to take advantage of his default in this regard as a defense to the balance of the purchase price, unless the terms of the contract clearly require this construction."   Wait v. Stanley, L. R. A. 1916C, 886, 893; 27 R. C. L. p. 613, Title Vendor and Purchaser, ¶ 367; Higbie v. Farr, 10 N. W. 592, (Minn.) Hedrich v. Firke, 135 N. W. 219 (Mich.) Rush, Admr. v. State, 20 Ind. 436; Smith v. Mohn, 25 Pac. 696, (Cal.); Wilcoxson v. Stitt, 4 Pac. 629 (Cal.);

Amanda Con. Gold Min. Co. v. Peoples, M. & N. Co. 64 Pac. 218 (Col.)

GRACE, J. This is an appeal from a judgment in plaintiff's favor in each of the above cases. The facts being similar in each case, they were tried as one case. An opinion in the one first above entitled will dispose of both. There is no dispute in the facts, and they need not be set out further than to afford an intelligent comprehension of the issues.

On June 14th, plaintiff was the owner and in possession of the S. E. ¼ of section 29 and the N. ½ of the N. ½ of section 32, township 138, range 59, Barnes county, which was sold to the defendants for the agreed price of $24,000. The terms of the sale were expressed in a written contract for deed. The terms of sale were $2,000 cash in hand upon the execution of the contract; $1,000 on or before November 1, 1920; $2,000 March 1, 1921; $750 March 1, 1922; and $750 annually thereafter until the whole remaining from time to time was fully paid, with interest at 6 per cent., payable annually on March 1st of each year. The cash payment was made and at least constructive possession of the premises was taken by the purchaser.

The following is a part of the contract:

"It is mutually agreed by and between the parties hereto, that the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators and assigns of the respective parties; that time is of the essence of this contract, and that either party hereto who shall fail or refuse (except for imperfect title) to comply with the provisions of this contract on his part to be performed, shall forfeit and pay to the other party the sum of $2,000, which sum is hereby fixed and agreed upon as liquidated damages to be sustained by either party from failure or default upon the part of the other."

The installments of $1,000 and $2,000 due, respectively, November 1, 1920, and March 1, 1921, were not paid, nor was the annual installment of interest of $942.30. Plaintiff brought an action at law for the recovery of them. It was awarded judgment for these amounts, together with its costs, a total of $4,104.33.

The assignments of error are to the effect that the court erred in permitting the entry of the judgment, and that the evidence is insufficient to support the findings of fact of the court and the judgment. It is not disputed that these installments were past due and remained unpaid after

the contract became effective. There are but two questions presented which need any discussion. A disposition of them will wholly dispose of this appeal. The first of these grows out of that clause of the contract above set forth, and relates particularly to that portion of it which in substance provides that—

"Either party hereto who shall fail or refuse (except for imperfect title) to comply with the provisions of this contract on his part to be performed, shall forfeit or pay to the other party the sum of $2,000, which sum is hereby fixed and agreed upon as liquidated damages to be sustained by either party from failure or default upon the part of the other."

The second question is whether the plaintiff may bring an action at law to recover for the amount of the installments of the purchase money due on the contract, or whether its remedy is by an action at law for damages or at the proper time, one in equity for specific performance. As to the first, it would seem little more is needed to dispose of it than to state certain facts. It is conceded that the defendants purchased the land; that they made an initial payment of $2,000 of the purchase price. It also sufficiently appears from the evidence that they had constructive possession of the land; they received the rents of it for the year 1920, that is, after the deduction of the expenses of threshing, their share was placed in storage and storage tickets issued therefor to them. The amount of these storage tickets was garnisheed in this action. When they purchased the land, they acquired an interest, the vendor holding fee title as security for the unpaid purchase price.

The contract was in the nature of a mortgage; it would require foreclosure proceedings to cancel defendants' equitable interest, unless there were a voluntary cancellation of it by agreement between the vendor and vendees, which there has not been. There was some conversation between the defendants and Isensee, the president of the land company, wherein the defendants, through Mr. Olson, stated in effect that they had decided they could not go on with the transaction, would abandon it and turn the land back; that they would be willing to stand $1,000 forfeiture on each contract; they wanted to know if they could not get back part of the money they had paid. The company, through Isensee, offered to do that on the 200-acre tract if the defendants made good on the other contract for the purchase of the other tract of land, which they did not do.

There is no testimony that the company agreed to accept, nor that it did accept, the forfeiture of the contract. Exhibit 6, a letter written by

one Moen, one of the defendants, to Isensee, agent of the plaintiff, stated that he could not make the payments on the farm, and further stated: "So you will have to consider it your own." The letter further states that—

"They (defendants) said at that time that they wanted to wait and see how much the crop come to, then send in the balance, but now they say that they don't want any more to do with it. * * * They decided to drop it."

The plaintiff replied to the letter, stating in substance that it would hold each personally responsible for the performance of the contract and would insist that the payments be made. The defendants yet have constructive possession of the land and are in position to exercise dominion over it; they leased it in 1921. In this situation, they could not very well invoke the forfeiture clause of the contract; they cannot retain the land, exercise dominion over it, and at the same time claim to cancel the contract, especially not where the only basis for cancellation is their own default.

As to the second question, we are of the opinion that as between the original parties to the contract (vendor and vendee), where the contract contains covenants whereby the purchaser agrees to pay the purchase price in installments and he is in possession, the vendor may sue for each installment as it becomes due. Warvelle on Vendors, Vol. 2, § 900; Sparta Bank v. Agnew, 45 Wis. 131; Shell v. Mikkelson, 5 N. D. 22, 63 N. W. 210. It is not necessary here to notice other remedies which the vendor has in a proper case against the purchaser, in case of his non-performance, such as, for instance, that of specific performance or an action for damages; the only questions here are such as we have above decided. There is no contention that plaintiff's title to the land is imperfect.

The judgment is affirmed. Respondent is entitled to his costs and disbursements on appeal.

BIRDZELL, C. J., and BRONSON, CHRISTIANSON, and ROBINSON, JJ., concur.