## AMERICAN LOAN & INVESTMENT COMPANY v. B. P. BORAAS, C. D. OLSON, C. A. STEEBERG AND THEO. T. MOEN.[1]

October 5, 1923.

Nos. 23,620, 23,621.

**Revocation of authority of Minnesota agent by foreign corporation.**

1. A foreign corporation which has complied with the statutes of this state by appointing a resident agent upon whom service of process against the company may be made, as required by G. S. 1913, §§ 6206-6208, cannot, thereafter, as to controversies arising out of transactions within the state with citizens thereof, avoid the jurisdiction of the state courts by revoking the authority of the agent and withdrawing its activities from the state.

[1]Reported in 195 N. W. 271.

Authority irrevocable as to citizens having rights against it before revocation.

2. As to citizens of the state holding rights arising in the state during the continuance of the authority of the corporation to transact business therein, the authority conferred upon the resident agent is irrevocable.

Attempted withdrawal ineffective until such rights are settled.

3. In contemplation of law, though there be an attempted withdrawal from the state, the corporation remains therein until all controversies arising out of such contracts are adjusted, settled and disposed of.

Case distinguished.

4. Louis F. Dow Co. v. First Nat. Bank, 153 Minn. 19, distinguished.

Action in the district court for Goodhue county to recover $4,104.33 upon a judgment rendered by the district court of North Dakota. The case was tried before Converse, J., who made findings and dismissed the action. From an order denying its motion for amended findings and conclusions and for judgment notwithstanding the decision, or for a new trial, plaintiff appealed. Reversed and remanded.

*Edward P. Kelly* and *John O. Hanchett*, for appellant.

*A. J. Rockne*, for respondents.

BROWN, C. J.

Plaintiff, a corporation organized under the laws of the state of North Dakota, with its principal place of business in that state, on July 17, 1919, duly complied with the foreign corporation laws of this state (G. S. 1913, §§ 6206-6208), and thereby became authorized to transact business therein. Thereafter, by and through its agents, the company entered into an executory contract for the sale to defendants, residents of this state, of certain North Dakota lands upon the terms and stipulations specified in the written agreement. The transaction took place in this state, and, according to the findings of the trial court, which we accept as correct, was a Minnesota con-

tract, though the land involved was in North Dakota. Defendants made a down payment on the purchase price, as provided for by the contract, entered into possession of the land and cultivated it for a year or two. Default was made in the payment of an instalment of the purchase price subsequently accruing, and in an action to recover the same, brought by plaintiff against defendants in the courts of North Dakota, judgment was on August 13, 1921, duly rendered and given plaintiff for the amount due, principal and interest, aggregating $4,104.33. The judgment on appeal to the supreme court of that state was affirmed. American Loan & Inv. Co. v. Boraas, 49 N. D.——, 188 N. W. 302. Defendants were served with process in the action, appeared therein and interposed a defense on the merits. Thereafter and on or about September 1, 1921, as found by the trial court, plaintiff brought the present action in this state to recover upon that judgment. Defendants answered by a general denial. On October 18, 1921, the board of directors of plaintiff corporation duly resolved to withdraw its business affairs from this state, and a copy of a resolution to that effect was on that date filed with the secretary of state of this state, the company at the same time surrendering the certificate of authorization theretofore issued to it. Since that date plaintiff has transacted no business in this state. Subsequent to the withdrawal, or attempted withdrawal, defendants amended their answer and interposed as a plea in abatement the withdrawal of plaintiff from the state, the surrender of its certificate of authorization and the fact that the company had ceased all business activities in the state, alleging that, by reason of such facts, the company can no longer maintain the action here, by force of the prohibitions of G. S. 1913, §§ 6206-6208.

The trial court sustained the plea in abatement, and, for the reasons stated therein, there being no dispute as to the facts, ordered a dismissal of the action. Plaintiff appealed from an order denying a new trial.

The only question presented by the record we deem necessary to consider is whether there was error in the conclusion of the trial court that because of plaintiff's withdrawal from business activities

in the state it can no longer maintain the action here. In our view of the matter the learned trial court erred in so holding.

The facts are not in dispute. Plaintiff had complied with our statutes in all respects and was authorized to engage in the transaction of its business in this state. The contract involved in and made the basis of the judgment upon which this action is founded, was entered into in this state, during the period of such authority, with defendants who were then and are still residing therein. The authority so vested in the company was in full force and effect at the time of the recovery of the judgment in North Dakota, and at the time this action thereon was commenced in this state, although the company was not then and for several prior months had not been transacting any business therein, other than the collection of money due on former transactions.

In that state of the facts it is clear, on principle as well as on authority, that the attempt of plaintiff to withdraw from the state was wholly ineffectual for any purpose. Notwithstanding the steps taken in that respect, the corporation, as to all unadjusted transactions theretofore entered into with citizens of the state, remained in this state, in contemplation of law, subject to the jurisdiction of its courts by the service of process in the manner provided by the license. The prevailing rule of the courts on the subject is that the issuance of the license and grant of authority by necessary implication of law vests in every citizen of the state, with whom business transactions are had under the authority so conferred, the right of adjustment in the courts of the state of any and all controversies subsequently arising therefrom. It is a substantial right and interest which the corporation cannot by ex parte action directly or indirectly destroy, take away or materially impair by revoking the authority of the designated agent, wholly withdrawing from the state, or otherwise. 14A. C. J. 1377, note 75.

The rule arises at common law and is designed to prevent a miscarriage of justice, through the effort of the corporation to avoid the jurisdiction of the state by quietly withdrawing therefrom on the appearance of probable litigation therein. Brown-Ketcham Iron Works v. Geo. B. Swift & Co. 53 Ind. App. 630, 100 N. E. 584, 860.

And it is immaterial that the statute under which the corporation secures the license does not contain a clause declaring the license, right and interest thus created, irrevocable as to citizens with whom contracts are entered into during its continuance. Mutual R. F. L. Assn. v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. ed. 987; Davis v. Kansas & T. Coal Co. 129 Fed. 149; Ben Franklin Ins. Co. v. Gillett, 54 Md. 212; Groel v. United Electric Co. 69 N. J. Eq. 397, 60 Atl. 822; Capen v. Pac. Mutual Ins. Co. 25 N. J. Law, 67, 64 Am. Dec. 412; Michael v. Mutual Ins. Co. 10 La. Ann. 737; Pervangher v. Union Casualty & S. Co. 81 Miss. 32, 32 South. 90; Gibson v. Manufacturers F. & M. Ins. Co. 144 Mass. 81, 10 N. E. 729. The subject will be found clearly discussed by Judge Lees in Fletcher v. Southern Colonization Co. 148 Minn. 143, 181 N. W. 205.

Provisions of irrevocability found in some of the statutes of other states are but declaratory of the common law and unnecessary to support the rule. While the statute involved in Magoffin v. Mutual R. F. L. Assn. 87 Minn. 260, 91 N. W. 1115, 94 Am. St. 699, contained such a clause that was not necessarily the basis of the decision rendered therein, as the discussion in the opinion points out. But that statute is not here before the court. Nor need it in such cases be shown that at the commencement of the suit the company was in fact still doing business in the state. Moulin v. Trenton Mut. Life & Fire Ins. Co. 25 N. J. Law, 57; 21 R. C. L. 1344, and citations. A different rule is applied where the foreign corporation enters the state for the transaction of business without a compliance with its laws, subsequently withdrawing altogether. In a case of that kind, the presence of the corporation being unlawful, we have held that a showing must be made that the company was doing business in the state at the time of the commencement of the suit. Louis F. Dow Co. v. First Nat. Bank, 153 Minn. 19, 189 N. W. 653. But the rule of that decision has no application at bar.

It follows that the attempted withdrawal of plaintiff and the surrender of its license to the secretary of state was a nullity and wholly ineffectual for any purpose. The corporation is still within the jurisdiction of the state and subject to any suit or action upon this or any other transaction there entered into with a citizen thereof, precisely as though no withdrawal had been attempted.

PER CURIAM.

For the reasons given in the foregoing opinion, prepared by the late Chief Justice Brown and in harmony with the views of the court, the order is reversed and cause remanded for further proceedings.