## CITY CO. OF NEW YORK, Inc., v. STERN.
### No. 11453.

Circuit Court of Appeals, Eighth Circuit.
March 18, 1940.

Rehearing Denied April 6, 1940.

M. J. Doherty, of St. Paul, Minn. (W. E. Rumble and Doherty, Rumble, Butler, Sullivan & Mitchell, all of St. Paul, Minn., on the brief), for appellant.

Benedict S. Deinard, of Minneapolis Minn. (George B. Leonard, Hyman Edelman, and Leonard, Street & Deinard, all of Minneapolis, Minn., on the brief), for appellee.

C. E. Phillips and Phillips, Sherwood & Hughes, all of St. Cloud, Minn., amicus curiae for Investment Bankers Ass'n of America, Minnesota Division.

T. O. Streissguth, of New Ulm, Minn., amicus curiae.

G. A. Youngquist and Fowler, Youngquist, Furber, Taney & Johnson, all of Minneapolis, Minn., amicus curiae.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The question presented on this appeal is whether the appellee's cause of action is barred by the statute of limitations. The appellant, a New York Corporation and defendant below, sold to the plaintiff, a citizen of Minnesota, in four installments 20 shares of the capital stock of the National City Bank of New York coupled with a beneficial interest in the stock of the defendant corporation and in the stock of City Bank Farmers Trust Company. The first sale for 5 shares was made on February 4, 1929; the second for 5 shares on April 4, 1929; the third for 5 shares on July 12, 1929; and the fourth for 5 shares on October 16, 1929. This suit to recover the purchase price of the stock with interest was commenced in the district court November 12, 1937, more than six years after the dates of the sales. The right of recovery was based on the grounds (1) that the sales were illegal and void because the stocks were not registered as required by the Blue Sky Laws of Minnesota, Mason's Minn.St.1927, § 3996-1 et seq., and (2) that there was fraud, both actual and implied, in the sales. The defendant pleaded the statute of limitations and denied fraud. The plaintiff tendered into court the stock and the dividends received thereon; a jury was waived by stipulation; and the court found in favor of the plaintiff and rendered judgment for the purchase price of the stock and interest less the dividends. Stern v. National City Company of New York, D.C., 25 F.Supp. 948.

Section 9191 of the 1927 Statutes of Minnesota prescribes a six-year limitation for causes of action upon contract, upon a liability created by statute, and for relief on the ground of fraud "in which case the cause of action shall not be deemed to have accrued until the discovery" of the fraud.

Section 9200 of the statute provides that "*. * * if, after a cause of action accrues [against a person], he departs from and resides out of the state, the time of his absence is not part of the time limited for the commencement of the action."

The six-year period had expired before this action was begun; but the plaintiff contends, and the court held, that (1) the period of limitation was tolled by the

departure of the defendant from and its residence out of the state since 1934, and (2) that for the cause of action based upon fraud the six-year period did not begin to run until the fraud was discovered just before the commencement of this suit.

The facts upon which plaintiff bases his claim that the six-year statute was tolled are not in dispute. The defendant was a New York corporation engaged in business as a dealer in bonds, stocks and other securities. It was licensed to do business in Minnesota as a foreign corporation in 1917, and on August 13 of that year it was licensed as a dealer or broker under the Blue Sky Law of the state. Pursuant to successive annual applications it continued to operate as such broker until August 9, 1933. In connection with its license as a broker defendant in compliance with law filed a power of attorney irrevocably appointing the Commissioner of Securities its attorney for the service of process in any action involving any transaction covered by the Blue Sky Law. Service in this case was made on the Commissioner.

On August 23, 1934, the defendant surrendered its license to carry on business in the state as a foreign corporation. In compliance with section 7494 of the Minnesota statutes it filed at that time in the office of the Secretary of State a "Resolution of Withdrawal" from the state and irrevocably appointed the Secretary of State attorney for the service of process upon it in any action arising out of any business done by it while licensed to do business in the state.

Having thus formally withdrawn from doing business in the state the defendant removed from the state its offices, agents and representatives which it had maintained there during the period covered by its license.

 It is conceded that the sales were in violation of the Minnesota Blue Sky Law. Putting to one side the alleged fraud as a basis of recovery, it is settled that such sales are illegal and void and that there is an "obligation raised by law" on the part of the appellant "to refund the money procured by means" of such sales. Webster v. United States I. Realty Co., 170 Minn. 360, 212 N.W. 806, 807; Vercellini v. United States I. Realty Co., 158 Minn. 72, 196 N.W. 672; Drees v. Minnesota Petroleum Co., 189 Minn. 608, 250 N.W. 563. The only defense to the right to recover solely on the ground of violation of

the Blue Sky Law is the statute of limitations. The statute began to run on the date of the sales. Burzinski v. Kinyon Investment Co., 192 Minn. 335, 256 N.W. 233, 236; Olesen v. Retzlaff, 184 Minn. 624, 238 N.W. 12, 239 N.W. 672, 78 A.L.R. 891. Unless, therefore, the six-year period was tolled by defendant's surrender of its license to do business in Minnesota and its withdrawal therefrom in 1934, the cause of action for recovery for violation of the Blue Sky Law was barred when this suit was commenced in 1937. Whether the limitation was tolled or not depends upon the proper construction and application of section 9200 of the 1927 Minnesota statutes, supra.

It is the contention of the plaintiff, that the tolling statute must be construed literally, and that when so construed the defendant by withdrawing from the state departed therefrom, that it resided out of the state thereafter and that it has been absent therefrom ever since. It is the contention of the defendant that the statute should not be construed literally but with reference to its intent and that when so construed the defendant remained in the state within the meaning of the statute so long as it was amenable to process therein by service upon its designated attorney, either the Secretary of State or the Commissioner of Securities.

 Under section 9200 the period of limitation is tolled when the party liable "departs from and resides out of the state" during "the time of his absence." Literally construed we think there is no doubt that the defendant "departed" from the state when it ceased to do business therein, cancelled its license, filed its resolution of withdrawal and removed its offices and representatives from the state. Since that time it has been literally "absent" from Minnesota and, in so far as Minnesota is affected, it has thereafter "resided" in New York, the state of its creation. When it departed it left no officer or agent in the state with authority to represent it in any business transaction whatever. The Secretary of State and the Commissioner of Securities, its designated attorneys for service of process, are its agents in no such sense as to represent the continued corporate presence of the defendant in the State of Minnesota. They are merely the instrumentalities through which the defendant is subject to service in certain types of actions. Their presence in the

state is not the presence of the corporation. A corporation is present in a state only when it is represented there by its officers or agents with some measure of authority to act for it. Kendall v. Orange Judd Co., 118 Minn. 1, 136 N.W. 291. In the case of Garber v. Bancamerica-Blair Corporation, 205 Minn. 275, 285 N.W. 723, 726, the Supreme Court of Minnesota quoted with approval from Gaboury v. Central Vermont Ry. Co., 250 N.Y. 233, 237, 165 N.E. 275, 277, the statement that "presence within the state imports the use of corporate power by corporate representatives." In this instance the powers of attorney filed by appellant designating the Secretary of State and the Commissioner of Securities as its attorneys for the service of process in a limited and restricted class of proceedings conferred no authority upon them as agents to use its corporate powers for any purpose.

Nor can the defendant be said to reside and be present in Minnesota merely by reason of the fact that it remains subject to the jurisdiction of her courts in certain classes of actions. In this instance the right of the state to acquire jurisdiction in personam over the departed corporation in a limited class of actions does not rest on the basis of a fiction of continued presence in Minnesota but upon the defendant's express consent to accept service through designated attorneys. Neirbo Company et al. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. ——, Decided November 22, 1939; Oklahoma Packing Co. et al. v. Oklahoma Gas & Electric Co. et al., 60 S. Ct. 215, 84 L.Ed. ——, decided January 15, 1940; Pennsylvania Fire Ins. Co. v. Gold Issue Mining Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610; Morris & Co. v. Skandinavia Ins. Co., 7 Cir., 81 F.2d 346; Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N.Y. 432, 111 N.E. 1075, L.R.A.1916F, 407, Ann.Cas.1918A, 389; Magoffin v. Mutual Reserve Fund Life Ass'n, 87 Minn. 260, 91 N.W. 1115, 94 Am.St.Rep. 699; McClamroch v. Southern Surety Co., 193 Iowa 249, 187 N.W. 41; Restatement of Conflict of Laws, § 91. It arises out of a contract between the defendant and the State of Minnesota made by the state for the benefit of its citizens and not for the benefit of the defendant. Magoffin v. Mutual Reserve Fund Life Ass'n, supra, 91 N.W. at page 1116; Bagdon v. Philadelphia & Reading

Coal & Iron Co., supra. The contract might have provided that in its absence from the state the defendant would remain amenable to service of process by mail or otherwise in such personal actions. Restatement of Conflict of Laws, §§ 81, 90.

■■ Consent to the jurisdiction of the courts of a state by an individual or corporation residing outside the state implies neither presence nor residence within the state. Jurisdiction of courts to determine controversies does not necessarily depend upon the residence of the parties within the territorial jurisdiction of the court. A citizen of a foreign state may maintain a suit in the courts of another state (Constitution Art. 4, § 2; Canadian Ry. Co. v. Eggen, 252 U.S. 553, 560, 40 S.Ct. 402, 64 L.Ed. 713) and, with his consent, he may be sued where he does not reside and is not present. Pennoyer v. Neff, 95 U.S. 714, 735, 24 L.Ed. 565. All the parties may be nonresidents of the state where suit is brought. Neirbo Company v. Bethlehem Shipbuilding Corporation, supra.

■ The problem to be determined, therefore, is whether the Minnesota tolling statute may be construed as not applicable to the defendant corporation notwithstanding that literally and in point of actual fact the defendant has departed from, resided out of, and remained absent from, that state since 1934. Stated otherwise, we must determine whether the fact that the defendant remained amenable to service of process in Minnesota authorizes us to read an exception into the literal terms of the Minnesota tolling statute. The general purpose of such statutes is well known. But the language of this statute is unequivocal and expresses no qualifications or exceptions. Had the Minnesota legislature intended to make non-amenability to service the test of the tolling of limitations it could easily have done so. Some states have added such an exception. See New York Civil Practice Act, § 19, construed in Maguire v. Yellow Taxi Corp., 253 App. Div. 249, 1 N.Y.S.2d 749; Id., 278 N.Y. 576, 16 N.E.2d 110. But unless authority may be found in some controlling Minnesota decision we have no power to read into the unambiguous language of the statute an unexpressed intent of the legislature. If the statute seems to operate inconsistently with its probable intent the power to amend it is in the Minnesota legislature and not in a federal court.

The defendant contends, however, that within the intendment of section 9200 it did not in 1934 "depart from" the state and has not since "resided out of" it, and the subsequent period has not been a "time of absence" from the state. Its argument is not that these things are not literally true but that the whole matter of corporate presence and residence is at most a fiction and that since it remains amenable to process it should be held to have retained a constructive presence in Minnesota so as not to fall within the spirit of the tolling section even though it may be said to be within its literal terms. The decisions of the courts of other jurisdictions are in conflict upon the·principle of construction advocated by defendant, and no useful purpose would be served in reviewing them here. The Minnesota decisions relied on to support defendant's theory are City of St. Paul v. Chicago, M. & St. P. Ry. Co., 1891, 45 Minn. 387, 48 N.W. 17; and American Loan & Investment Co. v. Boraas, 1923, 156 Minn. 431, 195 N.W. 271.

In the St. Paul case, supra [45 Minn. 387, 48 N.W. 21], it was contended that a foreign corporation can not have the benefit of the statute of limitations, although authorized to do business in the state, for the reason that such corporation is "out of the state." The court, although the decision is not based upon that point, said that under such circumstances a foreign corporation is not "out of the state"; and in discussing that situation the court said: "The mere theoretical domicile of a corporation in another state, by reason of its having been created under the laws of such state, does not make it out of the state, any more than does the theoretical domicile of a natural person make him out of the state, where it is practically within the state for all the purposes of its courts acquiring full and complete jurisdiction over it. The purpose of the statute of limitations in allowing specified times for commencing actions, and in making exceptions to the running of such times, is a practical one. It is to give to plaintiff what the legislature deemed a reasonable opportunity to seek a remedy. No mere theoretical absence from the state, not preventing in any way a full and complete remedy for the times specified, can have been intended by section 15." Mason's Minn.St.1927, § 9200.

As applied to the facts of that case no one could doubt the applicability of this language. In that case the defendant was not only authorized to do so, but it was actually carrying on business in the state and therefore was present within its jurisdiction. It was not absent merely because it was created under the laws of another state. But as applied to the facts in the instant case the language there used loses much if not all of its force even if it were not dicta. Cohens v. Virginia, 6 Wheat. 264, 399, 19 U.S. 264, 398, 5 L.Ed. 257; Harriman v. Northern Securities Co., 197 U.S. 244, 291, 25 S.Ct. 493, 49 L.Ed. 739.

In the Boraas case, supra, the American Loan & Investment Co., a North Dakota corporation, complied with the Minnesota corporation laws and was authorized to do business therein. While so authorized and while actually engaged in carrying on business in the state it brought suit in the Minnesota court against Boraas. Thereafter it formally withdrew from the state. Boraas thereupon amended his answer and interposed as a plea in abatement the withdrawal of the plaintiff from the state, the surrender of its certificate and the fact that the company had ceased to do business in the state. The plea was sustained. The Supreme Court reversed on appeal and in the course of the opinion said [156 Minn. 431, 195 N.W. 272]: "Notwithstanding the steps taken in that respect [withdrawal] the corporation, as to all unadjusted transactions theretofore entered into with citizens of the state, remained in this state, in contemplation of law, subject to the jurisdiction of its courts by the service of process in the manner provided by the license."

It will be noted in this case that neither the statute of limitations nor the tolling statute was involved. The suit was begun by the corporation before it withdrew from the state. As applied to the facts of the case the language quoted means only that after a foreign corporation has "withdrawn" from the state it remains "amenable", that is, "subject to the jurisdiction of its courts by the service of process in the manner provided by the license." The statement does not unequivocally mean that the corporation remains a resident of the state. Such an interpretation of the decision is in conflict with the later pronouncement of the Supreme Court of Minnesota in the Garber case, supra.

The effect upon the tolling statute of amenability to service of process was not decided in either of the two cases, supra,

relied upon by the defendant. There are two other decisions of the Supreme Court of Minnesota which we think are more nearly in point than the cases cited above, and which control decision in this case.

In Venable v. Paulding, 19 Minn. 488, Gil. 422, the defendant, a natural person, had departed from Minnesota and during the nine years of his absence was not amenable to the service of process within the state. The court held that this fact did not prevent the statute of limitations from running if in fact the defendant retained his Minnesota domicile during a portion of the time of his absence. The Minnesota Supreme Court thus gave a literal interpretation to the tolling statute with no attempt to make its application depend upon the test of the defendant's amenability or non-amenability to service of process within the state.

In Rogers v. Benton, 39 Minn. 39, 38 N.W. 765, 767, 12 Am.St.Rep. 613, the issue of whether amenability to service of process affected the application of the tolling section was again before the Minnesota Supreme Court. In that case a mortgagor left the state and resided permanently in another state, but his family continued to reside in the state at the homestead on the mortgaged premises. The issue was whether limitations had been tolled so as to permit an action to foreclose. The court, in determining that such absence tolled the running of the statute of limitations against the right of action to foreclose, said: "This brings us to the first important legal question in the case, viz., whether the right to foreclose by action still continued when the Conants went into possession, June 1, 1876. This cause of action accrued against Benton in December, 1858, and under Laws 1870, c. 60, would have been barred September 8, 1870, unless saved from the operation of the statute by his departure from and residence out of the state. It has been determined that the exception in section 15, c. 66, Gen.St.1866 [section 9200 Statutes of 1927], from the time limited for commencing actions, of the time during which the defendant resides out of the state, applies to an action to foreclose a mortgage upon real estate. * * * his absence was a permanent change of residence, and, if so, it was of no legal importance that his family remained behind. The fact that Conant might, notwithstanding the new residence of the mortgagor, have resorted to substituted service of the summons, would not take the case out of the statutory exception."

In this case the court was considering the identical question presented on this appeal, and it held that mere amenability to service of process within the state upon one against whom a cause of action had accrued and who thereafter departs from and resides out of the state does not take the cause of action out of the exception to limitations contained in section 9200. The decision does not, of course, declare that substituted service upon a nonresident would be valid in every instance. Its purport is that assuming such service to be valid it would not take the case out of the statutory exception. In other words, the decision holds that in a case where the defendant is a natural person the words "departs from and resides out of" the state are to be construed literally and that possible amenability to service of process does not permit an exception to the tolling statute. This decision of the Minnesota Supreme Court is the only one squarely in point on the construction of the tolling statute, and it is binding on the federal court.

While the decisions of the district courts of Minnesota as to the interpretation of its statutes are not controlling on the federal court, the reasoning of such decisions is often persuasive and even convincing. In this instance we are in accord with three Minnesota district court decisions which have been called to our attention, and in which section 9200 is construed to apply to a foreign corporation after it has withdrawn from the state. Coleman v. City Company of New York, D. C. Ramsey County; Samsen v. National City Company, D. C. Brown County; Seifert v. National City Company, D. C. Brown County.

In view of the conclusion which we have reached upon the first issue it is not necessary to extend this opinion with a discussion and determination of the contentions of the parties in respect of fraud.

Affirmed.

WOODROUGH, Circuit Judge (dissenting).

My conclusion is contrary to that reached by the majority of the court. It seems to me that the six-year statute of limitations was not tolled in this case.

The corporation defendant complied with Section 7494 of the Minnesota Statutes and so remained at all times throughout the limitation period completely amenable to process upon its agent in the state. The literal wording of the tolling statute (Sec. 9200) does not extend to corporations at all without judicial reasoning and I think that there is no sound basis in reason for deciding that the statute was tolled. Neither do I find a basis for so deciding in the expressions which the Supreme Court of Minnesota used when it was not thinking or talking about corporations, but was passing on suits against individual persons who had departed from and were living in the flesh outside of the state beyond the reach of personal process.

In addition to the vast array of learning and authority able counsel for the defendant have presented against the claim that the statute was tolled, I am impressed that Section 7494 itself indicates legislative intent that the statute of limitations should not be tolled against the corporations which avail themselves of its provisions and on quitting business designate their agents for service in the state. It says that the agency shall continue as long as any cause of action survives against the corporation and I take that to imply that the survivor shall be no longer on account of anything done by corporations under the authority of the statute.

I would reverse.