## CHASE SECURITIES CORPORATION v. VOGEL.

### No. 11469.

Circuit Court of Appeals, Eighth Circuit.
March 18, 1940.

Rehearing Denied April 6, 1940.

F. H. Stinchfield and John M. Palmer, both of Minneapolis, Minn., (Stinchfield, Mackall, Crounse, McNally & Moore, of Minneapolis, Minn., on the brief), for appellant.

T. O. Streissguth, of New Ulm, Minn., and Hyman Edelman, of Minneapolis, Minn. (George B. Leonard, of Minneapolis, Minn., Streissguth & Gislason, of New Ulm, Minn., and Leonard, Street & Deinard, of Minneapolis, Minn., on the brief), for appellee.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an action at law brought by Vogel against appellant in the state court of Minnesota and removed by appellant, a corporation organized under the laws of New York, to the district court. The plaintiff prayed that the court rescind a sale to him by defendant on May 7, 1929, of 50 shares of the capital stock of the Chase National Bank of New York and an equal number of shares of the capital stock of the defendant corporation, and for judgment for the purchase price of the stock in the amount of $10,250, with interest. By stipulation of the parties a jury was waived and the case tried to the court. A judgment was entered for the plaintiff, and the defendant appeals.

This case is a companion to No. 11453, City Company of New York v. Stern, 8 Cir., 110 F.2d 601, decided at this term.

The action was begun October 14, 1935, more than six years after the date of the sale of the stock.

The grounds upon which the plaintiff claimed the right to rescind the sale and recover the purchase price of the stock are: (1) That the sale was in violation of the Minnesota Blue Sky Law, giving rise (a) by reason of the violation of the act itself to the right to rescind and recover the purchase price, or (b) to the right to recover for implied or concealed fraud; and (2) that defendant's salesman had made certain false and fraudulent statements in connection with the sale amounting to actual fraud. The defendant (1) denies fraud and (2) relies upon the statute of limitations. The plaintiff, as to the statute of limitations, claims (1) that it was tolled by defendant's departure from the state before the six-year period had elapsed and (2) that it did not begin to run until the fraud was discovered by plaintiff a few months before suit was commenced.

Except as to the question of actual fraud the issues are the same as the issues in No. 11453, City Company of New York v. Stern, supra. As in the Stern case, an affirmance on the ground that the statute of limitations was tolled by the departure of the defendant from the state of Minnesota, prior to the expiration of the six-year period of limitation, and its residence outside of the state since, makes it unnecessary to determine the issues of either implied or actual fraud.

The defendant was issued a broker's license under the Blue Sky Law of Minnesota in March, 1928, which was renewed annually thereafter until it was cancelled July 7, 1931. In connection with the issue of the broker's license defendant filed a power of attorney irrevocably appointing the Commissioner of Securities of the state its attorney to accept service of process on its behalf in any action against it involving a transaction covered by the Securities Act or Blue Sky Law. Service in this case was made upon the Securities Commissioner.

The sale of the shares of stock by the defendant to the plaintiff on May 7, 1929, was admitted, and it was shown that the receipt representing the stock was not registered as required by the Blue Sky Law.

The defendant was licensed as a foreign corporation to do business in Minnesota in June, 1930. On June 30, 1931, it filed a resolution of withdrawal and removed from the state. In the resolution of withdrawal it appointed the Secretary of State its attorney to accept service of process in any action against it growing out of any business done by it during the period covered by its license to do business in the state.

In the Stern case, supra, this court held that under the Minnesota law the departure of the defendant from the state and its subsequent absence therefrom and residence elsewhere tolled the statute of limitations; and that the purchaser of securities sold in violation of the Minnesota Blue Sky Law was entitled to recover the purchase price from the seller. That decision is controlling of the same issues in this case, and it compels an affirmance of the judgment appealed from.

Affirmed.

WOODROUGH, Circuit Judge, dissents as indicated in City Company of New York v. Jay S. Stern, 8 Cir., 110 F.2d 601.