**Henry BLOOMFIELD, Jr., Plaintiff,**

**v.**

**PARAMOUNT PICTURES CORPORA-
TION (WEST COAST STUDIOS),
Defendant.**

**Civ. No. 2197.**

United States District Court
D. Hawaii.

March 27, 1964.

**TAVARES, District Judge.**

In this action for damages and for maintenance and cure, plaintiff has alleged diversity of citizenship and the right to damages under the Jones Act.[1] A copy of the Summons and Complaint was served on both one Ed Carlson in Honolulu, Hawaii, allegedly as an agent of defendant,[2] and "Sidney I Hashimoto Director of Regulatory Agencies for the State of Hawaii."

Defendant has moved the Court to "dismiss this action or in lieu thereof to quash the return of summons on the ground that the defendant is a corporation organized under the laws of the State of New York and was not and is not subject to service of process within the District of Hawaii as more clearly appears in the affidavit of Bernard Donnfeld hereto annexed. * * *"

According to the Complaint herein, plaintiff was injured by the negligence of employees or agents of defendant and by the unseaworthiness of a vessel chartered by defendant during the filming by defendant of a motion picture in the State of Hawaii.

Federal Rules of Civil Procedure, Rule 4(d) (3), provides that service of a Summons and Complaint shall be made as follows:

"Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

E. D. Crumpacker, Honolulu, Hawaii, Crumpacker & Sterry, Honolulu, Hawaii, of counsel, for plaintiff.

Robert Sikes, Los Angeles, Cal., Robert M. Rothwell, of Hoddick, Rothwell & Chang, Honolulu, Hawaii, for defendant.

1. 46 U.S.C. § 688.

2. The Complaint alleges that Ed Carlson is a managing or general agent of defendant, a corporation, in Hawaii. The return of service does not specify in what capacity he was served.

Federal Rules of Civil Procedure, Rule 4(d) (7), provides as follows:

"Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Revised Laws of Hawaii, 1955, as amended, Section 174–1, provides as follows:

"Every corporation or incorporated company other than an eleemosynary corporation formed or organized under the laws of any other * * * state of the United States * * * which undertakes to do or carry on business in the State * * * shall file in the office of the treasurer of the State:

"(a) A declaration sworn to on oath by two authorized officers of the corporation stating: * * *

"(11) The name and business address of the person residing within the State upon whom legal notice and process from the courts of the State, or notices from officials of the State, may be served. * * *"

▋ Revised Laws of Hawaii, 1955, Section 172–150, provides as follows:

"Service of any notice or process authorized by law issued against any corporation, whether domestic or foreign, by any magistrate, court, judicial or administrative officer or board, may be made in the manner provided by law upon any officer or director of the corporation who is found within the jurisdiction of the magistrate, court, officer or board; and in default of finding any officer or director, upon the manager or superintendent of the corporation or any person who is found in charge of the property, business or office of the corporation within the jurisdiction.

"If no officer, director, manager, superintendent or other person in charge of the property, business or office of the corporation can be found within the State; and in case the corporation, if a foreign corporation, has neglected to file with the officer specified in section * * * 174–1 * * * the name of a person upon whom legal notice and process from the courts of the State may be served; and likewise in the event that the person so named is not found within the State; service may be made upon the corporation by filing with the treasurer of the States,[3] or in his absence, with the first deputy treasurer, a copy of the notice, or process, certified to be such under the seal of any court of record, or by the magistrate, or by the chairman, or president of the board, or by the officer issuing the same. The treasurer or the first deputy treasurer so served shall immediately notify the defendant corporation of such service.[4] The filing

3. This statute requires the service of process upon the treasurer of the State of Hawaii. A copy of the Summons and Complaint was served on the "Director of Regulatory Agencies for the State of Hawaii." There is no evidence that the Director of Regulatory Agencies of the State of Hawaii is the treasurer of the State of Hawaii. The Court is advised that he is and there is no contention that he is not. The Court therefore accepts it as a fact.

4. There is no evidence that the Director of Regulatory Agencies of the State of Hawaii immediately, or at any time, notified defendant of the service of a copy of the Summons and Complaint upon him. There is no contention that he did not and the law presumes that official duty has been performed. Pasadena Research Laboratories, Inc. v. U. S. (1948), 9th Cir., 169 F.2d 375. The Court therefore accepts it as a fact that the Director of Regulatory Agencies of the State of Hawaii immediately notified defendant of the said service upon him.

shall be deemed service upon the corporation forty-five days after the filing, and shall authorize the magistrate, board or officer to proceed in all respects as in the case of service personally made upon an individual."

■ The facts presented to the Court, by affidavit, uncontradicted, and assumed by both sides, upon which the ruling on the Motion is to be based, are as follows:[5]

■ Defendant is a corporation organized and existing under the laws of the State of New York. For some time prior to and after April 17, 1962, defendant was engaged in making a motion picture in the State of Hawaii, which was transacting business in the State of Hawaii within the purview of the Hawaii statutes hereinabove mentioned.[6] Defendant has never otherwise transacted business in the State of Hawaii. Defendant did not at any time comply with the provisions of Revised Laws of Hawaii, 1955, as amended, Section 174–1 and did not come within the exception therein. The injury alleged by plaintiff occurred while defendant was making said motion picture in the State of Hawaii. Subsequently, defendant withdrew from the State of Hawaii before the within action was filed. Defendant was served with the Summons and Complaint herein in the manner provided by Revised Laws of Hawaii, 1955, Section 172–150, for such service upon foreign corporations which have not complied with Revised Laws of Hawaii, 1955, as amended, Section 174–1, including the notification to defendant of such service required by § 172–150. Ed Carlson at the time of the service of Summons and Complaint upon him was not and is not now, an employee or agent of

defendant within the contemplation of § 172–150. Neither at the time of the filing of the within action, nor at any time thereafter, did defendant own or rent any land, buildings or equipment in Hawaii, have any agents or employees in Hawaii within the contemplation of § 172–150, keep any records, files or offices, or have any bank account or bank deposits in Hawaii, except that, from March 29, 1962, through May 18, 1962, one William W. Gray, an employee of defendant, had an account at a bank in Honolulu for the purpose of defraying payroll and rental items in connection with location filming of said motion picture in Hawaii, have any listing of defendant in any telephone directory, have any advertising in any telephone or other directory, enter into any contracts, do business of any kind, make any purchases or sales in Hawaii, have any agent, resident representative or any other type of representative in Hawaii or any dealers, jobbers or independent contractors located in Hawaii or representing it in the sale, rental or other commercial use of its motion pictures or other forms of visual entertainment in Hawaii, have or maintain any branch plant, branch office or sales room in Hawaii or any address or telephone number in Hawaii where it could be contacted.

It is therefore clear that defendant was not doing business in the State of Hawaii at the time of the commencement of this action or at the time of the said service of the Summons and Complaint.

Defendant has cited the case of American Loan & Inv. Company v. Boraas (1923), 156 Minn. 431, 195 N.W. 271, in support of the proposition that in order

---

5. The assumed facts are considered true only for the purpose of ruling on the Motion.

6 It is not contended that defendant's activities in Hawaii come within Revised Laws of Hawaii, 1955, as amended, § 174–7.5(j), which provides as follows:
"Without excluding other activities which may not constitute doing or carrying on business in the State, a corporation or incorporated company formed or

organized under the laws of any other territory, possession or state of the United States, or of any foreign state or country shall not be considered to be doing or carrying on business in the State for the purposes of this chapter by reason of carrying on in the State any one or more of the following activities: * * *
"(j) Conducting an isolated transaction completed within a period of thirty days and not in the course of a number of repeated transactions of like nature."

for service of process upon a State officer as provided by a statute such as the Hawaii statute, Section 172–150, to be valid service upon a foreign corporation which has not complied with a State statute such as the Hawaii statute, Section 174–1, such corporation must be doing business in the State at the time of the commencement of the action, the cases of Garber v. Bancamerica-Blair Corporation (1939), 205 Minn. 275, 285 N.W. 723, and Sivertsen v. Bancamerica-Blair Corporation (1940), D.C., Minn., 43 F.Supp. 233, in support of the proposition that in order for such service to be valid, the corporation must be doing business in the State at the time of such service,[7] and the case of Elk River Coal & Lumber Company v. Funk (1937), 222 Iowa 1222, 271 N.W. 204, 110 A.L.R.2d 1415, generally. Defendant contends that, since it was not doing business in any manner in the State of Hawaii at the time of the commencement of this action or thereafter, such service was invalid and this Court did not acquire jurisdiction over it thereby.

All of the foregoing cases were decided prior to 1945. They represent a view that has changed in recent years. As was said in 49 A.L.R. (2nd) 668, at page 669:

"Generally speaking, there developed over the years a strong tendency to extend the jurisdiction of the states over foreign corporations. This trend to broaden a state's jurisdiction over foreign corporations was substantially advanced in 1945 in the leading case of International Shoe Co. v. Washington (1945) 326 US 310, 90 LEd 95, 66 SCt 154, 161 ALR 1057, where in lieu of the prior tests a new test was laid down. * * *"

The Supreme Court set out the new test as follows:

"* * * due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' * * * "Those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. An 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business is relevant in this connection. * * *"[8]

The Court further said:

"* * * to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue. * * *"[9]

This Court is of the view that the maintenance of a suit such as this does not "offend traditional notions of fair play and substantial justice" and that the

7. In Consolidated Textile Corp. v. Gregory (1933), 289 U.S. 85, 53 S.Ct. 529, 77 L. Ed. 1047, where service was made in the State upon an officer of a foreign corporation, and in International Harvester Co. v. Kentucky (1914), 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, where service was made in the State upon an alleged agent of a foreign corporation, the Supreme Court held that, to be valid service, the corporation must be doing business in the State at the time of the service.

8. 326 U.S. pages 316 and 317, 66 S.Ct. page 158, 90 L.Ed. 102.

9. 326 U.S. page 319, 66 S.Ct. page 160, 90 L.Ed. 104.

filming activities of defendant in Hawaii, during which plaintiff allegedly was injured, "make it reasonable, in the context of our federal system of government, to require the corporation to defend" the suit brought here. There is no evidence as to what inconveniences, if any, would result to defendant by a trial in Hawaii of the causes of action alleged herein.

For the foregoing reasons the Court holds that the service of process upon defendant under the Hawaii statute, § 172–150, as hereinabove described was valid service, even though defendant was not doing business in the State of Hawaii at the time of the commencement of this action or at the time of such service of process, and that the Court therefore has jurisdiction over defendant in this action. The attempted service upon Ed Carlson was, of course, invalid.

The motion is denied.